## JARVIS *v.* HYATT, EXECUTOR.
356

PRINCIPAL AND SURETY.—*Extension of Time.*—Where there is an extension of time, for a definite period, by the payee to the principal of a promissory note, for a valuable consideration, without the consent of the surety, the surety is discharged.

SAME.—*Pre-payment of Interest.*—From the payment of interest in advance, by the maker to the holder of a promissory note, whether at the rate specified in the note, or at a higher rate, and the receipt thereof by the holder as interest, an agreement is implied to extend the time of payment during the period for which interest is thus paid.      ·

SAME.—*Extension of Time Indefinitely.*—Where there is an agreement for the extension of the time of payment of a promissory note generally, for no definite time, and interest has been paid in pursuance of such agreement, but not in advance, there is no implied agreement to extend the time of payment for any particular length of time, and the surety is not discharged.

SAME.—On a note dated March 7th, 1859, payable twelve months after date, with interest at the rate of six per cent., the receipt of an increased rate of interest and indorsement of payment of such interest on the note as follows: "March 7th, 1860, interest paid up to this date," did not operate as an agreement for an extension of the time of payment.

From the Ripley Circuit Court.

*J. W. Gordon, T. M. Browne,* and *R. N. Lamb,* for appellant.
*W. D. Willson* and *T. E. Willson,* for appellee.

WORDEN, J.—This was an action by the appellee as executor of the last will of John Henson deceased, against Willis Lemon and Gilbert W. Jarvis, upon a promissory note, of which the following is a copy:

"MARCH 7th, 1859.

"Twelve months after date, I promise to pay, to the order of John Henson, the sum of two hundred and twenty-eight dollars, value received, with six per cent.

(Signed.)           "WILLIS LEMON,        ·
        ·     "GILBERT W. JARVIS."

On the back of the note the following credits are indorsed:

"1860, March 7th.
"Interest paid up to this date."

"June 22d, 1863.
"Received twenty dollars as interest."

The defendant Lemon pleaded a discharge in bankruptcy.

Jarvis pleaded that he was surety only on the note, and that by an agreement between Lemon and Henson, without his knowledge or consent, the time for the payment of the note had been extended, on an agreement to pay ten per cent. interest.    Issue, trial by jury, and verdict for plaintiff.

The defendants moved for a new trial, and the motion was granted as to Lemon, but overruled as to Jarvis, and the latter excepted.    The cause was then dismissed as to Lemon and final judgment taken against Jarvis.

The appellant brings the case here on the evidence and instruction of the court.

The court charged the jury, among other things, as follows:    "The law is, when there is an extension of time for a definite period, between the payee and the principal of a note, for a valuable consideration, without the consent of the surety, he is discharged from liability.    The agreement, however, must be for a fixed period, a definite time.    As for a definite time, it makes no difference whether the time is long or short; that is immaterial.    There must be a valuable consideration.    If there is a definite time agreed upon, the agreement to pay therefor the same interest as the note is drawing, during the extension, will constitute a valuable consideration; or an agreement to pay a greater rate of interest, will be a valuable consideration.    If the time is indefinite, then the surety will not be released; or if there is a simple indulgence for a length of time indefinite, a greater rate of interest may have been paid therefor, this will not discharge the surety.    When a definite time has been agreed upon, it is not necessary that the consideration be paid; it is sufficient if there was an agreement to pay."

The motion for a new trial was based upon the ground, among other things, that the court had erred in giving so much of the above charge "as has reference to time, and that the time must be definite."    We are of opinion that the charge, in respect to the objection thus made to it, was

correct. *Menifee* v. *Clark*, 35 Ind. 304. But an apparently different objection is made to the charge in the brief of counsel for the appellant. The following extract from their brief will show their objection to the charge: "The court instructed the jury that they must find for the plaintiff, unless the agreement was for a definite time expressly, between Lemon and Henson, and left the jury apparently no discretion to infer such definite time from the evidence of the payment of one year's interest at ten per cent. and other circumstances. Now we insist that this instruction was erroneous. The agreement for further time, and for an increased rate of interest, and the payment of one year's interest at the increased rate, was proof of a valid agreement for one year's further time; and there being no evidence adverse to this, the court should have instructed the jury that such evidence was sufficient."

We do not find, from an examination of the charge, that the court instructed at all that there must be an express agreement to extend the time. The court did not instruct as to what facts would justify the inference of an implied agreement for extension, nor was it asked to do so. If the appellant had desired an instruction upon that point he should have asked it.

There was no error in the charge as given, in this respect.

This brings us to the evidence. There was no evidence of an express agreement to extend the time for any fixed and definite period. On the contrary, Willis Lemon, the principal, who was sworn and examined in the cause, testified repeatedly in his examination, that no definite time had been agreed upon.

It may, we think, be assumed that the payment of interest in advance, whether at the rate specified in the note or at a higher rate, by the maker to the holder, and the receipt of the same by the latter, as interest, will imply an agreement to extend the time of payment during the period for which interest is thus paid. *Charlton* v. *Tardy*, 28

Ind. 452; *Crosby* v. *Wyatt*, 10 N. H. 318; *New Hampshire Savings Bank* v. *Colcord*, 15 N. H. 119. But where there has been an agreement for extension generally, without any definite time, and interest has been paid in pursuance of the agreement, still if no interest has been paid in advance of being earned, there is nothing from which to imply an agreement to extend for any particular length of time. There was no evidence of the payment of any interest in advance, either at the rate specified in the note, or at an increased rate. To be sure, the interest for the year, during which the note had to run, was paid a short time before the note matured, at the increased rate. This was endorsed on the note as of the date of March 7th, 1860, the day the note matured. This payment could not operate as an agreement for an extension of time at all, because the note was not due until the end of the year for which the interest was paid.

The next payment made was twenty dollars. The evidence, outside of the indorsement on the note, does not fix the time when it was made. We therefore take the endorsement on the note as stating the true time. This, it will be seen by recurring to this endorsement, was June 22d, 1863. The note had then been on interest over three years after maturity, so that the payment then made was less than half the interest due at six per cent. There was a subsequent payment of three dollars, which was not indorsed on the note; and these were all the payments that were made. There was, then, no express agreement for extension for any particular and fixed length of time, nor were there any facts from which such agreement could be implied. The verdict, therefore, was in accordance with the evidence.

The appellant makes the point that it was error to grant the motion for a new trial as to Lemon, and overrule it as to the appellant, it being a joint motion.

The motion was rightfully overruled as to the appellant, and we think he cannot complain that it was granted as to Lemon. Whatever might be the law in such case as applied to a note joint only, the note in this case was joint and sev-

eral, and an action could have been maintained upon it against the appellant alone.    In such case as this, there was no error in the action of the court.

There is no error in the record, and the judgment must be affirmed.

The judgment below is affirmed, with costs.