## PRATHER *v.* YOUNG ET AL.

PRINCIPAL AND SURETY.—*Extension of Time.*—An answer by a co-surety, in an action by the payee, against the principal maker and his sureties, on a promissory note, alleging an extension of the time of payment, granted by the payee to the principal, but failing to allege that such extension was for a definite time and without the knowledge of such surety, is insufficient.

SAME.—*Conversion of Collateral Security.*—The misappropriation, by a surety, of property delivered to him by his principal as collateral security, is no defence to an action by the creditor, against a co-surety, for the debt.

CONTINUANCE.—*Absent Witness.*—The refusal of a continuance on account of the absence of a witness, by whom can be proved the facts alleged in a pleading to which a demurrer has been properly sustained, is not erroneous.

From the Clark Circuit Court.

*J. H. Stotsenburg*, for appellant.

*M. C. Hester*, for appellees.

BIDDLE, J.—Suit by Solon Young, on a promissory note made to him by Williams Prather, Martin L. Prather, Manliff R. Prather and Thomas F. Prather. Judgment against the makers. Only Manliff R. Prather appeals. He makes two points in his brief, namely :

1. That the court erred in sustaining a demurrer for want of facts to the fifth paragraph of answer, pleaded separately by the said Manliff ;

2. That the court erred in overruling a motion for a continuance of the cause, founded on affidavit.

The fifth paragraph of answer so demurred to was, in substance, as follows : That Williams Prather was the principal in the note, the other makers his sureties. That Williams Prather, Thomas F. Prather and the plaintiff agreed as follows :

" That, to secure said plaintiff and said Thomas F. Prather, said Williams Prather should transfer, sell and assign, to Thomas F. Prather, thirty-three and one-third shares of stock in the Charlestown and Jeffersonville Turnpike Company, of the value of three thousand dollars, two life insurance policies, of the value of fifteen hundred dollars, and one mare, of the value of one hundred and thirty dollars, should pay them one thousand dollars cash, in currency, and would convey to him a tract of land in the State of Kansas, which is of the value of three thousand dollars, and a description of which this defendant is not able to give, and that said plaintiff would give time to sell said property to pay said note.

" And thereupon said Williams Prather assigned, transferred, conveyed and delivered said property to said Thomas F. Prather. And this defendant says that since the death of Williams Prather, with the consent of plaintiff, said Thomas F. converted the said property to his own use, with intent to defraud his codefendant of the benefit of said collaterals, so placed in his hands by said Williams Prather ; and this defendant says that the plaintiff ought not to have and maintain his suit against this defendant."

This paragraph is insufficient. It lacks several essential requisites. There is no averment that the agreement to extend the time of payment of the note was not made with the assent and approbation of Manliff R. Prather. Indeed, it seems rather to be an arrangement for the benefit of the sureties, which would imply that Manliff R. Prather as-

sented to it, than an agreement with the payee of the note to extend the time of payment. The payee of the note had no possession or control of the property taken as collateral for the benefit of the sureties, and can not be held responsible for its fraudulent conversion by Thomas F. Prather.

And there is no averment ·in this paragraph, that the payee of the note agreed to extend the time of its payment; the words are " that said plaintiff would give time to sell said property to pay said note." Besides, no definite time was fixed, to which the payment of the note should be extended. To discharge the surety, there must be an extension of time, for a definite period, by the payee to the principal, for a valuable consideration, without the consent of the surety. It must be such a contract as the principal could enforce against the payee. In this case there is nothing in the agreement that would prevent the payee from suing upon his note, whenever he chose to do so. *Menifee* v. *Clark*, 35 Ind. 304 ; *Jarvis* v. *Hyatt*, 43 Ind. 163 ; *Abel* v. *Alexander*, 45 Ind. 523 ; *Bucklen* v. *Huff*, 53 Ind. 474.

There was no error in overruling the motion for a continuance. The evidence sought to be obtained by the delay went to the facts stated in the fifth paragraph of answer. It can not possibly be error to refuse a continuance of a cause to obtain evidence to prove the facts averred in a paragraph of answer to which a demurrer for the want of facts has been properly sustained.

The judgment is affirmed, at the costs of the appellant.