Henry *v.* Gilliland.

Judgment affirmed.

Filed Sept. 26, 1885.

---

No. 11,683.

## HENRY *v.* GILLILAND.

PROMISSORY NOTE.—*Not Payable in Bank.*—*Action by Assignee.*—*Defence by Maker, of Breach of Warranty by Payee.*—*Answer.*—In an action by the assignee of a note not payable in bank against the maker, an answer that the consideration of the note was part of the purchase-price of real estate, conveyed to the maker by the payee, with full covenants of warranty; that to protect his title he had been compelled to buy in the real estate at a sheriff's sale made in satisfaction of a judgment against the payee, which was a lien on the property at the time of his purchase; that the amount so paid was greater than the balance due on the note, and that the payee was insolvent, is good.

SAME.—*Forbearance to Sue.*—*Estoppel.*— Where the holder of such promissory note gratuitously permits it to run more than a year after maturity, and

then, upon the payment of a part of it by the maker, the holder, at the request of the maker, and without losing any right or changing his situation, agrees to wait until the latter can collect money with which to discharge the balance, such maker is not estopped to set up a defence then existing, or which might thereafter arise, of which neither such maker nor the holder had notice at the time of such agreement.

SAME.—*Extension Must be for Definite Time and on Valid Consideration.—Performance.*—To defeat the right to a clear defence to a note, not payable in bank, in the hands of an assignee, on the ground of a subsequent contract to pay in consideration of an extension of time, the plaintiff must show a contract of extension for a definite time, upon a valid consideration. Performance of his part is not sufficient to bind the maker.

From the Montgomery Circuit Court.

*A. Thomson* and *T. H. Ristine,* for appellant.

*M. W. Bruner,* for appellee.

MITCHELL, C. J.—This suit was brought by Gilliland against Henry to recover the amount remaining due on a promissory note, executed by Henry to one Coons, and by him assigned to the plaintiff before maturity. The note was not commercial paper.

The defendant answered specially, that the consideration of the note was part of the purchase-price of certain real estate conveyed to him by the payee by deed containing full covenants of warranty; that at the time of the conveyance the land was encumbered by the lien of a judgment in favor of Burbridge against Coons, and that, in order to protect his title, he had been compelled to buy in the land at a sheriff's sale, made in virtue of an execution against Coons, issued on the judgment mentioned, and that Coons was insolvent.

To this answer the plaintiff replied, that the note was assigned to him before maturity, and that he had no notice of the alleged defence; that after he took the assignment the defendant made two payments on the note, and at the date of the last, March 13th, 1878, had requested the plaintiff to give him more time, promising that if more time was given he would pay the balance as soon as he could collect certain debts due him.

It is averred that in pursuance of this request and promise, the plaintiff "did agree to forbear to bring suit on said note, and agreed to wait on defendant, and did wait on defendant, until the first day of August, 1878, at about which time defendant informed plaintiff that he would not pay said note, as he had acquired a good defence to the same." It is further averred that at the time of this promise the defendant had no defence to the note, not having then paid off the encumbrance on the land, and that the agreement mentioned was the sole consideration for the plaintiff's forbearance.

Demurrers were overruled to the answer and reply respectively, and upon a special finding of facts, the court stated conclusions of law, sustaining a recovery of the balance of principal and interest due on the note.

The facts found are substantially as set up in the pleadings. By proper assignments of error and cross error, the rulings of the court on the demurrers to the answer and reply, and the conclusions of law upon the facts found, are challenged.

The objections urged against the answer are, that it does not appear from its averments whether the execution which was issued on the judgment against Coons was an execution against his person or his property, and that the amount of the judgment constituting the encumbrance is not set out. Neither of these objections is in our opinion tenable.

It is averred that the sheriff levied on the defendant's land to satisfy an execution in favor of Burbridge; that the execution was issued on a judgment against Coons, which constituted a lien on the land at the time the defendant made the purchase, and that he was compelled to buy it in to protect his title. From these averments the presumption is irresistible that the execution on which the land was sold was against the property, and not against the person, of Coons.

It is true, as contended, that the amount of the judgment is left blank, and while this may have been good ground for a motion to make the answer more specific, it was not ground for demurrer. Besides, it is averred in the answer that the

amount which the defendant was compelled to pay in order to remove the encumbrance was more than the balance due on the note.

The reply presents a question of more difficulty. The note fell due January 10th, 1877. It was assigned, as appears from a copy filed with the complaint, February 3d, 1876, the assignment being coupled with an agreement that the assignor would "stand good until the same is paid."

The plaintiff had, so far as appears, gratuitously permitted the note to run until March 13th, 1878. At that time a payment was made, and the alleged agreement was entered into "to wait" until the defendant could collect money due him with which to discharge the balance. It does not appear that the holder was about to take any measures to collect the note, or that he changed his situation or plans in any respect on account of the alleged agreement. He was not put in any different attitude in respect of the liability of the assignor, who, under the terms of the contract of assignment, remained holden until the note was paid; nor does it appear that either he or the maker of the note had at that time any actual notice of the encumbrance then existing against his land, or that there was any intention to waive any defence then existing or which might afterwards arise to the note. It is clear that the facts averred did not constitute an estoppel. *Ray* v. *McMurtry*, 20 Ind. 307.

The agreement to wait was for no definite time, was vague and uncertain in every aspect, and presented no obstacle whatever to the plaintiff's right to proceed at once to the enforcement of the note.

It is contended, however, that an agreement to forbear suit, although for no definite or certain time, is binding on the person in whose favor it is made, after it has been complied with by the other, and that the agreement set up in the reply constituted a new consideration, sufficient to warrant the enforcement of the note, notwithstanding the facts averred in the answer.

In this connection *Jaqua* v. *Montgomery*, 33 Ind. 36 (5 Am. R. 168), and *Doherty* v. *Bell*, 55 Ind. 205, are relied on. The cases cited do not sustain the proposition to the extent contended for. While bearing some analogy to the case in hand, in both there was an agreement for an extension for a fixed time, and each contains other elements conspicuously absent in this. The decision in the case first cited was made to depend upon the consideration that by force of the agreement to forbear the holder of the note had surrendered or waived his right to proceed against the maker until the expiration of the time agreed upon, and had probably lost his remedy entirely against the assignor, and this was held by a divided court to be the surrender of such a right as constituted a sufficient consideration for the agreement to pay the note. We concur with the view maintained in the prevailing opinion in that case, solely on the ground that the agreement was for a definite time, and was fully executed. We are not, however, disposed to extend the doctrine of that case, so as to embrace an agreement so vague and indefinite as that here involved, especially where no apparent loss has resulted.

Having gratuitously permitted the note to run for a period of fourteen months after it fell due without any agreement, we are disposed to regard the indulgence extended after the alleged agreement as proceeding from the same motive that induced the previous lenity, and to attach to it the same consequences.

It can not be said that there was any contract which either required or induced an extension of time for any period. The agreement set up is a mere *nudum pactum*, which bound no one to anything, and it must be presumed both parties so regarded it.

To defeat the right to a clear defence to a note, not payable in bank, in the hands of an assignee, on the ground of a subsequent contract to pay in consideration of an extension of time, in analogy to all the rulings of this court, we think it

is incumbent on the plaintiff to show a contract of extension for a definite time, founded upon a valid consideration. As was said by NIBLACK, C. J., in the case of *Holmes* v. *Boyd*, 90 Ind. 332, "A contract for forbearance in suing upon a promissory note, or other similar instrument, in writing, after it has become a binding obligation upon the makers, must be upon some new consideration. This rule applies not only to cases in which the rights of sureties are affected, but extends to all contracts of that character. A distinct and adequate consideration is an essential requisite in all contracts of forbearance to sue."

It can not be said that a contract, under which the holder of a note agrees to nothing more than to "wait," without specifying any time or other consideration, and which leaves him as free to act after as before it was made, is founded on a "distinct and adequate consideration." By the terms of the contract, the plaintiff surrendered nothing of value to him, nor did the defendant thereby obtain any advantage. If the time was extended, the extension can not be referred to the contract; it was by the grace of the plaintiff, and not by force of the contract.

There is no doubt that a promise which is void at its inception, for want of mutuality, may be enforced after full performance by one party. But the performance must involve the doing of some act beneficial to the one or injurious to the other, and the thing done must be clearly referable to the contract, and must appear to have been done under it. *Willetts* v. *Sun M. Ins. Co.*, 45 N. Y. 45; S. C., 6 Am. R. 31.

The rule is settled in this State that an agreement for extension of time, in order to be binding and constitute a valid consideration for a promise, must be for a time certain. *Prather* v. *Young*, 67 Ind. 480; *Starret* v. *Burkhalter*, 70 Ind. 285; *Abel* v. *Alexander*, 45 Ind. 523; S. C., 15 Am. R. 270.

There is nothing in *Doherty* v. *Bell*, *supra*, in conflict with what is here decided. That case decides nothing more than that the maker of a note may, in consideration of an agree-

ment for extension for a definite time, waive objections to the manner of its execution. *St. John* v. *Hendrickson*, 81 Ind. 350.

The demurrer to the reply should have been sustained, and for the error in overruling it the judgment is reversed, with costs.

