No. 12,523.

## BEACH v. ZIMMERMAN ET AL. ·

PROMISSORY NOTE.—*Extension of Time to Principal.*—*Release of Surety.*—*Evidence.*—Where the holder of a promissory note grants the principal therein an extension of time for a definite period and for a valuable consideration, knowing that the other makers are sureties, the latter are thereby released. For a consideration of the evidence see opinion.

From the Porter Circuit Court.

*J. E. Cass* and *H. A. Gillette,* for appellant.

*W. Johnston, A. D. Bartholomew* and *E. D. Crumpacker,* for appellees.

HOWK, C. J.—This was a suit by the appellant, Beach, against the appellees, Zimmerman and Welch, and the administrator of the estate of John C. Ball, deceased, upon a promissory note, of which the following is a copy :

"$650.           VALPARAISO, IND., July 24th, 1879.

" One year after date, we promise to pay Harmon Beach, or order, six hundred and fifty dollars, with interest at the rate of eight per cent. per annum, without relief from valuation laws, value received.

(Signed)     "JOHN C. BALL.<br>" E. ZIMMERMAN.<br>"STEPHEN WELCH."

In his complaint appellant alleged that the interest on such note was paid to April 16th, 1881, and that the interest since accrued and the principal of the note were due and unpaid ; that since the execution of such note said John C. Ball had died wholly insolvent, and that there was no administration of such decedent's estate. Wherefore, etc.

Appellees Zimmerman and Welch answered jointly, in four special or affirmative paragraphs, in substance as follows :

1. Admitting the execution of the note in suit, they said that since its execution, and prior to the death of John C. Ball, such note had been paid in full to appellant, Beach, by Ball, the principal therein.

2. Admitting the execution of the note, they further said that they were sureties only in such note for John C. Ball, since deceased, all of which was, at the time of the execution of the note, well known to appellant, Beach; that on or about April 6th, 1881, and without the knowledge or consent of appellees, the appellant made and entered into an agreement with said John C. Ball, that, in consideration that Ball would pay appellant interest on such note at the rate of ten per cent., from April 6th, 1881, to April 6th, 1882, in advance, appellant would extend the payment of such note until April 6th, 1882; and that thereupon said John C. Ball, in pursuance of such agreement, paid appellant the interest, in advance, at the rate of ten per cent. for one year on such note, and all without appellees' knowledge or consent.

3. Appellees further said they signed the note in suit as sureties for John C. Ball, since deceased, as appellant well knew at the time he received such note; that afterwards, on or about April 6th, 1881, and after the maturity of the note, appellant agreed with said Ball, in consideration that Ball would pay appellant the interest then due on the note and two per cent. in addition, and interest thereon, in advance, for one year then next ensuing at the rate of ten per cent. per annum in advance, that appellant would extend the time for the payment of such note for such period of one year next thereafter; and appellees averred that, for that purpose, said John C. Ball paid appellant the interest then due on such note, and the further sum of $65 in addition thereto; and that appellant then agreed with said Ball to extend, and did extend, the time for payment of such note for one year then next ensuing, without appellees' knowledge or consent.

4. And appellees said they signed the note in suit as sureties for said John C. Ball, since deceased, as appellant well knew at the time he received such note; that after the maturity of such note, to wit, on or about April 6th, 1881, appellant agreed with said Ball, in consideration that Ball would pay appellant the interest then due on the note, and interest

thereon in the future at the rate of ten per cent., for one year thence next ensuing, that appellant would extend the time of payment of such note for such period of one year next thereafter; and appellees averred that, for that purpose, said Ball paid appellant, according to such agreement, the interest then due on such note at the rate of ten per cent. per annum, and then and there promised and agreed to pay appellant $65, as interest on such note at the rate of ten per cent. per annum, for the next ensuing year; and appellant then agreed with said Ball to extend, and did extend, the time for the payment of such note, for such period of one year then next ensuing; and that, at the end of such year, said Ball paid appellant, in pursuance of such agreement, such sum of $65 as interest on such note for such period of one year, at which time a similar agreement was made and entered into between appellant and said Ball to extend the payment of such note for another year, which agreement was observed by such parties, all of which was without the knowledge or consent of appellees.

Appellant replied by a general denial of appellees' answer. The issues joined were tried by a jury, and a general verdict was returned for appellees, the defendants below. With their general verdict the jury also returned into court their special findings on particular questions of fact, submitted to them by the appellant under the direction of the court, in substance as follows:

" 1. Did Mr. Beach, after the note was due, ever agree with Mr. Ball, for a valuable consideration, to extend the time of payment of the note for a definite time? Answer. Yes.

" 2. If so, what was the consideration, and how was it paid? Answer. Money consideration, in the form of a bonus.

" 3. And if so, what definite time was agreed upon? Answer. One year."

Over appellant's motion for a new trial, the court rendered judgment against him for appellees' costs.

In this court, the only error assigned by appellant, upon the record before us, is the overruling of his motion for a new trial.

In this motion, the only causes assigned for such new trial were, that the general verdict and special findings of the jury were not sustained by sufficient evidence, and were contrary to law.    Manifestly, therefore, the only question we are required to consider and decide, in the case at bar, may be thus stated : Is there legal evidence, appearing in the record, which tends to sustain the general verdict and special findings of the jury on every material point?    Or, changing the form of the question : Is there such a failure of evidence on any material point as will authorize or justify the reversal of the judgment?

To maintain the defence interposed by appellees in the second, third and fourth paragraphs of their answer, they had the burden of the issues joined thereon, and it was incumbent on them to prove on the trial, (1) that they were, and were known by appellant to be, the sureties of John C. Ball in the note in suit; (2) that the appellant and Ball, for a new and valuable consideration, and without the knowledge or consent of appellees as such sureties, made and entered into an agreement for the extension of the time for the payment of such note, for the period of one year.    While virtually conceding that there is evidence in the record which might sustain the general verdict and special findings of the jury, at least in this court, on every other material point, appellant's counsel very earnestly contend that there is an absolute failure of evidence proving, or tending to prove, that the agreement for the extension of the note in suit, between the payee and principal therein, was for the period of one year or for any other definite period of time.    If counsel are right in their contention, of course a new trial ought to have been granted, and the judgment below must be reversed, for it is settled by our decisions that an extension of time to the principal, which will release and discharge the sureties, must

be for a definite period of time, and not a mere forbearance to sue for an indefinite time, however long it may be continued. *Menifee* v. *Clark*, 35 Ind. 304; *Abel* v. *Alexander*, 45 Ind. 523 (15 Am. R. 270); *Bucklen* v. *Huff*, 53 Ind. 474; *Buck* v. *Smiley*, 64 Ind. 431; *Starret* v. *Burkhalter*, 70 Ind. 285; *Lemmon* v. *Whitman*, 75 Ind. 318 (39 Am. R. 150); *Cates* v. *Thayer*, 93 Ind. 156; *Gipson* v. *Ogden*, 100 Ind. 20; *Henry* v. *Gilliland*, 103 Ind. 177; 2 Daniel Neg. Inst., section 1319.

On the trial of this cause, appellee Zimmerman was a witness for appellees and testified as follows: "On the 13th of September, 1882, * * * I met Harmon Beach in Bartholomew and Crumpacker's law office, and I asked Mr. Beach to show me the note, and he showed it to me. I questioned him with regard to the payment of the interest, which I noticed, by the endorsement on the note, had been paid a considerable time after the note had fallen due. He then and there told me that Ball had paid him, Beach, a *bonus* over and above the rate of eight per cent. charged on the face of the note, and that he, Beach, had agreed to give Ball an extension of the time of its payment, in consideration of the *bonus* paid him, and that is why he allowed the note to run along without attempting to collect it." Appellee Welch testified that he asked appellant once, "what was the interest on the note?" And appellant answered: "The note calls for eight per cent., but Ball paid me (Beach) a great deal more." The examination of appellant Beach was put in evidence, wherein there appear the following questions and answers: "Didn't you agree with him (Ball), that the note should run another year if the interest were paid up?" Answer: "I can't say for certain." Question: "Isn't it your best recollection now, Mr. Beach, that you did agree that if he would pay up the interest, you would let him have more time?" Answer: "Well, I couldn't tell." And so on, for quantity.

In commenting on appellant's admission, as stated in the testimony of Zimmerman above quoted, appellant's counsel say: "Now, taking this entire admission together, and admitting that the payment of the so called 'bonus' constitutes a consideration for an agreement for extension, there is a total lack of anything whereby it is shown, or from which it may be inferred, that the alleged extension was for one year, as the jury found, or for any definite time." It seems to us, however, that the jury were fully authorized, as against the appellant, to give his admission a broader and more liberal construction or interpretation, without doing violence to the language used, than is now sought to be given thereto by his counsel. In considering such admission, the jury may well have reasoned thus: Appellant admits that, for a consideration paid him by Ball, he agreed with the latter to give him an extension of time for the payment of the note. His receipt of such consideration is the only reason he assigns for allowing "the note to run along, without attempting to collect it." The fact is apparent, that he allowed the note to "run along" for one year, without any attempt to collect it. And, therefore, it follows that, for the consideration paid him by Ball, appellant agreed to give Ball an extension of the time for the payment of the note, for the definite period of one year. Ball died before the commencement of this suit, and the apparently defective memory of appellant, Beach, and his equivocal answers to the questions propounded to him, justified the jury in placing but little, if any, reliance on his testimony.

We can not say there was an absolute failure of evidence to sustain the general verdict or special findings of the jury on any material point involved in the issues. Nor can we say, from the record before us, that the trial court erred in overruling appellant's motion for a new trial; and in such a case, of course, as we have often decided, the presumption must prevail that no such error was committed. *Myers* v.

*Murphy*, 60 Ind. 282; *Foster* v. *Ward*, 75 Ind. 594; *Peck* v. *Board, etc.*, 87 Ind. 221; *Shields* v. *McMahan*, 101 Ind. 591.

The judgment is affirmed, with costs.

Filed May 25, 1886.