WEAVER *v.* PREBSTER.

[No. 5,690. Filed April 19, 1906.]

1. BILLS AND NOTES.—*Extension of Time of Payment.—Principal and Surety.—Release.—Notice.*—In order to release a surety by the extension of the time of payment of a note, such extension must be for a definite time, for a valuable consideration, without the surety's consent, and the holder of the note must have notice of the fact of suretyship. p. 584.

2.  ·BILLS AND NOTES.—*Interest.*—*Prepayment.*—*Principal and Surety.* — *Release.* — The principal's payment, without the surety's knowledge, of one year's interest, on June 18, 1898, on a note executed June 26, 1897, payable, with interest, one year after date, does not release the surety, since he contracted to pay such interest.   p. 585.

3.   SAME.—*Extension.*—*Consideration.*—*Principal and Surety.*— *Release.*—The payment, on June 18, of one year's interest due on June 26, does not constitute a consideration for a contract to extend the time of payment of such note for one year from June 26.   Roby, J., not concurring.   p. 585.

4.   SAME.—*Extension.*—*Consideration.*—*Subsequent Payment of Interest.*—The subsequent payment of the interest due upon a note constitutes no consideration for a prior contract, executed without consideration, to extend the time of payment of such note.   p. 585.

5.   SAME.—*Principal and Surety.*—*Release.*—*Contracts.*—*Mutuality.*—The surety on a note is not released by the principal's prepayment of interest, where no agreement was made for the definite extension of the time of payment of such note.   p. 585.

From Hendricks Circuit Court; *Thomas J. Cofer,* Judge.

Action by Reuben Prebster, as surviving partner of the firm of R. & C. Prebster, against Ellis M. Weaver and another. From a judgment for · plaintiff, defendant Weaver appeals.   *Affirmed.*

*Brill & Harvey,* for appellant.

*James L. Clark,* for appellee.

COMSTOCK, J.—Action by appellee against appellant and Amos Hoak on a promissory note. The complaint seeks to recover against the defendants as joint makers. Upon proper request the court made a special finding of facts, stated conclusions of law, and rendered judgment thereon against Weaver for $140.

The question presented by this appeal is the correctness of the conclusions of law. The only findings necessary to be set out show that Amos Hoak and Ellis M. Weaver, on June 26, 1897, jointly and severally executed the note in suit, due one year after date, with interest at eight per cent

per annum from date. Hoak executed said note as principal and Weaver as surety, and the payees had knowledge of such fact. Payments were made on said note and indorsed thereon, as follows: June 18, 1898, $8; December 27, 1899, $8; December 29, 1900, $8; December 27, 1901, $8. All of said payments were made by defendant Hoak, and Weaver had no knowledge that said note had not been paid at maturity. At each time the interest was paid it was understood by the payees that said note was to run for another year, and when the interest was paid on December 27, 1900, it was agreed by and between said Hoak and said payees that said note should run for another year. The payees never notified said Weaver that said note was unpaid until Hoak had defaulted on the interest, in the year 1902. Said note is now due and remains unpaid, except the credits indorsed thereon, and there is now due thereon the sum of $140.40, principal, interest and attorneys' fees. As conclusions of law the court finds Weaver liable.

To release the surety upon a promissory note by reason of the extension of time of payment, the extension should be for a definite period, for a valuable consideration, without the consent of the surety, and with the holder's knowledge of the fact that the party seeking the release for such cause is a surety. *Voris* v. *Shotts* (1898), 20 Ind. App. 220; *Arms* v. *Beitman* (1880), 73 Ind. 85; *Prather* v. *Young* (1879), 67 Ind. 480; *Starret* v. *Burkhalter* (1880), 70 Ind. 285; *Abel* v. *Alexander* (1874), 45 Ind. 523, 15 Am. Rep. 270; *Henry* v. *Gilliland* (1885), 103 Ind. 177; *Beach* v. *Zimmerman* (1886), 106 Ind. 495. The only consideration claimed by appellant for the extension is the payment of the interest in advance. The note was executed June 26, 1897, and was due June 26, 1898. On June 18, 1898, eight days before the maturity of the note, interest was paid by the principal to maturity, and at subsequent payments only the

interest earned was paid. The interest paid on June 18, 1898, was interest which the surety had contracted to pay. It was for the year during which the note had to run. This payment could not operate as an agreement for an extension of time, for it was not due until the end of the year for which such payment was made. *Jarvis v. Hyatt* (1873), 43 Ind. 163.

In *Williams* v. *Summers* (1874), 45 Ind. 532, the court in effect says that the payment of interest in advance is payment for the time during which payment is prolonged. An agreement made by the payees at the time referred to, in consideration of such payment to extend the time a year, would have been without consideration. The subsequent payment of interest earned did not constitute a consideration binding upon the payees. *Heenan* v. *Howard* (1898), 81 Ill. App. 629; *Crossman* v. *Wohlleben* (1878), 90 Ill. 542; *English* v. *Landon* (1899), 181 Ill. 614, 54 N. E. 911.

The judgment of the trial court should be affirmed upon the foregoing grounds. The same conclusion should be reached for another reason, namely: In order to release a surety, mutuality should appear in an agreement between the payee of a note and the principal. There is no finding of fact from which such mutuality appears, or could reasonably be inferred as to the payment of interest on June 18, 1898.

Judgment affirmed.

## CONCURRING OPINION.

ROBY, C. J.—I am not prepared to say that the payment of interest before it was due may not be a sufficient consideration to support an express contract for the extension of time beyond maturity for a definite and certain period. I do not think, however, that such express contract is shown by the findings, and such payment of interest can not operate to extend the time beyond the maturity of the note, upon

which proposition the case of *Jarvis* v. *Hyatt* (1873), 43 Ind. 163, cited in the main opinion, is in point. The case is not authority upon the question of sufficiency of a consideration necessary to sustain an express contract, there having been no express contract for a definite time before the court.

For the reasons given, I concur in the result.