# AMBROSE *v.* HAYES.

---

CONTRACTS; PRINCIPAL AND SURETY; CONSIDERATION; LANDLORD AND TENANT.

1. While a surety is entitled to a strict interpretation of his contract, that interpretation must be a reasonable one.

2. Where, by a contract of suretyship, the surety agrees that in event of the default by lessees in the performance of any of the conditions of a lease, resulting in damage to the lessor, he will make good such damage to the extent of a given sum, it is not necessary for the lessor, in an action against the surety, to prove a default by the lessees in the performance of all the conditions, but he is entitled to recover for a default in any of them.

3. Any definite and binding agreement between a principal and surety, made upon sufficient consideration and without the consent of the surety, which extends the time of payment by the principal, discharges the surety. (Citing *Catholic University* v. *Morse*, 32 App. D. C. 195.)

4. A mere request by a lessee to his landlord "to be lenient" in requiring payment of rent, together with a statement that if the season should

be satisfactory a bonus would be paid him for the indulgence, even if agreed to by the landlord, will not show such a definite extension of the time of payment of the rent as will discharge the lessee's surety, who has guaranteed the payment of the rent. ·

5. An extension of time, to amount to a discharge of a surety, must be under a positive and binding contract between the surety and the principal, upon a valuable consideration and for a fixed and definite period. (Citing *Clark* v. *Gerstley*, 26 App. D. C. 205.)

No. 2204. Submitted December 9, 1910. Decided January 3, 1911.

HEARING on an appeal by the defendant from a judgment of the Supreme Court of the District of Columbia upon a verdict directed by the court in an action upon a sealed instrument. *Affirmed.*

The COURT in the opinion stated the facts as follows:

This appeal is from a judgment of the supreme court of the District upon a directed verdict in favor of the plaintiff, James H. Hayes, Jr., appellee here, in an action upon an instrument under seal executed by the defendant, Nathaniel M. Ambrose, appellant here, in which defendant became surety for the payment by the lessees of the rent, or any arrears thereof, specified in a lease from plaintiff to said lessees, and for the faithful performance of the other covenants in said lease, the extent of defendant's liability being fixed at $1,500.

The plaintiff, as attorney for the executors of the estate of William Brice, deceased, of Atlantic City, New Jersey, executed a lease of a furnished hotel in that city to Myer Strasburger and Emma Strasburger, husband and wife, from April 10th, 1908, to October 1st of that year, "at the rent or sum of $3,250 to be paid as follows: $300, on signing this lease; $200, on May 1st, 1908; $300, on June 1st, 1908; $200, on June 15th, 1908; $500, on July 15th, 1908; $500, on August 1st, 1908; $750, on August 15th, 1908; and $500 on September 1st, 1908." This lease was duly executed by the parties thereto. In consideration of this lease the defendant executed an instrument under seal in the following words:

"In consideration of the letting of the premises above described and for the sum of one dollar, I, Nathaniel M. Ambrose of the city of Washington, D. C., do hereby become surety for the punctual payment of the rent, to the extent of fifteen hundred dollars and for the performance of the covenants within and above mentioned in said agreement, to be paid and performed by Myer Strasburger and Emma Strasburger as therein specified; and if default shall at any time be made therein, I do hereby promise and agree to pay unto the said party of the first part in said agreement named, the said rent or any arrears thereof to the extent of fifteen hundred dollars, that may be due and fully satisfy the conditions of the said agreement, and all damages that may accrue by reason of the nonfulfilment thereof, without requiring notice or proof of demand being made, but it is understood that my liability in case of the nonfulfilment of the covenants of said agreement by the the said Myer Strasburger shall in no event exceed the sum of fifteen hundred dollars."

A default occurred in the payment of the rent, and this suit was brought. The defendant pleaded the general issue and that after the execution of said lease and the undertaking in question, and after rent had become due and unpaid, the plaintiff, during the month of June, 1908, that is, during the life of the lease, entered into an agreement with the Strasburgers through said Emma Strasburger, "whereby in consideration of the agreement of the said Myer Strasburger and Emma Strasburger with the plaintiff to pay to him a sum of money not less than $100 as a bonus at the close of the hotel season, said bonus to be in addition to the rent, he, the said plaintiff, definitely extended the time for payment of the rent then overdue and of such as should thereafter fall due until after the close of the hotel season, to wit, until after September 15th, 1908, which agreement and extension of time was made and given without the knowledge or consent of the defendant."

Issue was joined and a trial had. The defendant objected to the introduction in evidence of the instrument sued upon, on the ground that said instrument "was in the conjunctive, and

that the averment of the declaration was not broad enough in
respect of alleged defaults to permit of the introduction of
the said paper." The objection was overruled and exception
noted. At the close of the plaintiff's testimony the defendant,
to substantiate the averment in his plea as to the extension of
the time of payment of the rent, introduced as a witness said
Myer Strasburger, who testified that the first payment by the
lessees was $200, followed shortly by payment of $100; "that
later on witness and his wife called on the plaintiff and paid
him $75 on account. At this time witness's wife said to Mr.
Hayes that 'this is the best we can do at the time' we have got
$75 instead of $100, and will pay it to you, and we want you
to be lenient in this matter. We will later on pay you under
this lease the amount of this lease, and we will pay you more
than the lease, we will pay you a bonus on this;" that the
plaintiff thereupon asked what was meant by a bonus and
witness's wife said: "We will pay you more than this, probably
$250, feeling sure that we are going to have a satisfactory
season, we will pay you just as much as we can over and abov·
this lease." The witness further testified that "later on we
made the best payments that we could. The season was back-
ward and we were backward;" that the amount which they
were to pay Mr. Hayes "for his indulgence" depended entirely
on how well they might succeed in their business; that "Mr.
Hayes was perfectly agreeable to that." The word "season,"
according to the witness, would probably mean from July 1st to
September 15th. This was all the evidence offered by the
defendant in support of his plea.

The plaintiff, in rebuttal, read a deposition taken *de bene
esse* of Marguerite White. The witness was bookkeeper for the
plaintiff during the period covered by said lease. She had
frequently heard Mrs. Strasburger ask for indulgence in the
payment of rent, which the plaintiff always refused
to give. Plaintiff himself also testified in rebuttal that, upon
the occasion of the second visit of the Strasburgers to his office,
he informed Mr. Strasburger that for the reasons stated in
plaintiff's testimony he would have no more dealings with

him, and that he must not come to his office again; that there-
after all payments and transactions must be with Mrs. Stras-
burger; that he had at no time made any promise of indul-
gence or of extension of time, but had always insisted upon the
performance of the terms of the lease.

The court, over the objection and exception of the defendant,
instructed the jury to return a verdict for the plaintiff for the
amount claimed in the declaration.

*Mr. John Ridout* and *Mr. David Rothschild* for the appel-
lant.

*Mr. T. Percy Myers, Mr. Walter H. Acker,* and *Mr. Clif-
ford V. Church* for the appellee.

Mr. Justice ROBB delivered the opinion of the Court:

The first question raised by the assignments of error relates
to the ruling of the court on the objection to the introduction
in evidence of the instrument in suit. In the declaration the
terms of said lease between the plaintiff and the Strasburgers
are set forth. This is followed by an averment substantially
in the language of the defendant's undertaking, and that aver-
ment is followed by an averment setting forth various defaults
in the payment of rent, aggregating more than the amount of
said undertaking. This was sufficient. To interpret this under-
taking as the defendant insists it should be interpreted would
destroy it. The defendant is entitled to a strict interpretation
of his contract of suretyship, but that interpretation
must be a reasonable one. Thus interpreted, it is apparent that
the defendant promised that in the event of a default of any of
the conditions of said lease resulting in damage to the plaintiff,
he would make good such damage to the extent of $1,500. In
other words, plaintiff was not required to prove a default in *all*
the covenants of the lease, but was entitled to recover for a
default in any of them.

The second assignment of error deals with the question

whether there was such a variation of the contract which the surety undertook to see fulfilled as released the surety from his obligation.. It is, of course, admitted by the plaintiff that under the law of suretyship any definite and binding agreement between a principal and surety, made upon sufficient consideration and without the consent of the surety, which extends the time of payment by the principal, discharges the surety. *Union Mut. L. Ins. Co.* v. *Hanford,* 143 U. S. 187, 6 L. ed. 118, 12 Sup. Ct. Rep. 437; *Catholic University* v. *Morse,* 32 App. D. C. 195. Such a contract supersedes the contract inducing the suretyship, and under the rule of *strictissimi juris* the surety is released. It is insisted, however, in the present case, that the testimony of the witness . Strasburger is so lacking in definiteness as to amount to no defense to the plaintiff's action. An analysis of that testimony compels an acceptance of this view. Considering it in its most favorable light, as the defendant is entitled to have it considered in view of the refusal of the court to submit this issue to the jury, we find that the plaintiff was not asked to defer payment of the rent to a time certain, or, as averred in the plea, "until after the close of the hotel season," but that he was merely asked "to be lenient;" that if the season was satisfactory a bonus would be paid for this indulgence. This testimony is fatally defective in at least one respect. It fails to show that any definite extension of time was asked or given.

It is well established that an extension of time, to amount to a discharge of the surety, must be under a positive and binding contract between the surety and the principal, upon a valuable consideration, and for a fixed and definite period. *Clark* v. *Gerstley,* 26 App. D. C. 205; *Hayes* v. *Wells,* 34 Md. 512; *Beach* v. *Zimmerman,* 106 Ind. 495, 7 N. E. 237. It is apparent that the testimony upon which the defendant relies to support his plea does not meet these requirements. Defendant's undertaking contemplated the possibility of rent becoming in arrears to the extent of $1,500, and, under the testimony relied upon, even though viewed in its most favorable light, the plaintiff merely suffered such a condition to develop. In

other words, plaintiff did no more than to extend a credit which, according to defendant's witness, was absolutely necessary. Such an indulgence does not furnish ground for the release of the surety. *United States Fidelity & G. Co.* v. *Golden Pressed & Fire Brick Co.* 191 U. S. 416, 48 L. ed. 242, 24 Sup. Ct. Rep. 142.

Judgment affirmed, with costs.                    *Affirmed.*