# Richard B. Woolford
### *v.*
# George Dow.

1. Release of surety — *extension of time for payment to the principal.* A valid agreement between the payee and the principal makers of a note for an extension of time for payment of a note after maturity will release the security, unless he consent to the agreement at the time, or afterwards ratify the agreement.

2. Consideration — *extension of time.* An agreement, to pay the interest on a note, at the rate agreed upon and specified in the note, and also one hundred dollars every month, after the note has matured, until it is discharged, entered into between the payee and the principal debtors, without the knowledge and consent of a security on the note, does not constitute a valid agreement to extend the time for payment; not being supported by a new consideration, it will not discharge the security from liability on the note.

Appeal from the Superior Court of Chicago.

This was an action of assumpsit, commenced in the Superior Court of Chicago, at the June term, 1862, by George Dow against Allen Vane, Ransalear Stone and Richard B. Woolford. A summons was issued and served on the defendants. The declaration filed in the case avers:

That in February, 1861, at Chicago, defendants Vane and Stone were partners, as "Allen Vane & Co." That they, together with defendant Woolford, made their promissory note to said George Dow (plaintiff below), for one thousand dollars, payable six months after date thereof, with interest, at ten per cent. per annum. That the said makers of said note did not pay the same when due, or any part thereof, nor the interest thereon, nor any part thereof, to his damage, $1,000, &c.

Copy of note sued on, with indorsements thereon, is in words and figures as follows:

CHICAGO, February 9, 1861.

"$1,000.00.

"Six months after date, for value received, we promise to pay George Dow, or order, one thousand dollars, with ten per cent interest.

(Signed)                          ALLEN VANE & Co.
                                  R. B. WOOLFORD."

Indorsements:

"Received one hundred dollars, being the interest to February 9, 1862.                          GEO. DOW."

"CHICAGO, March 8, 1862. Received, on within, one hundred dollars."                          GEO. DOW,
                                  per HENRY Dow."

"CHICAGO, April 16, 1862. Rec'd on the within, one hundred dollars.                          GEO. DOW,
                                  per HENRY Dow."

Pleas of general issue, by Woolford, and,

2d. That said Woolford executed said note as surety only, with full knowledge of said Dow. That at the time of maturity of said note, and for a long time thereafter, said Vane &

Stone were solvent, and possessed of property, in said Cook county, liable to, and more than sufficient to pay said note. That after such maturity said Dow, without the knowledge or consent of Woolford, agreed with said Vane & Stone, in consideration that they agreeing to pay interest at the rate of ten per cent. per annum on said $1,000, in said note mentioned, he, said Dow, would extend the time for payment thereof after maturity. That said Vane & Stone did agree to pay such interest for such extension, and that said Dow did extend the time for payment of said note. That the said Dow, after the maturity of said note, and without the knowledge and consent of said Woolford, for certain valuable considerations, agreed with said Vane & Stone, to take of them in payment and satisfaction of said note, the sum of one hundred dollars per month, and interest as aforesaid, and that he, said Dow, would thereupon forbear suit or proceedings against said Vane & Stone. That, in pursuance of said agreement, said Dow received, and said Vane & Stone made, several payments on account thereof.

3d Plea. That said note was given for money loaned by Dow to said Vane & Stone, and for their sole benefit; and that said Woolford executed said note as surety only, without consideration, as was well known to said Dow.

That, by reason of the premises, said Woolford had become damnified in the sum of $5,000, &c.

4th Plea. That said Vane & Stone had become utterly insolvent, &c.

Stone and Vane were defaulted, and a replication was filed to the pleas filed by Woolford. A jury was waived by consent of parties, and a trial was had by the court.

On the trial, plaintiff read in evidence the note and indorsements. The defendant then read in evidence the answer of Stone to a bill of discovery filed by Woolford. The answer alleges that the note was given for the loan of money, and it was loaned upon condition that Woolford would become security for its payment. That he was only a security to the note. That Vane & Stone, when the note matured, and for some

time thereafter, had means available for its payment; but they had since become insolvent. That at or about the time of the maturity of the note, it was agreed between Dow and Stone and Vane that if they would pay him interest on the note, at the rate of ten per cent. per annum, he would extend the time of payment of the same. And, further, that Dow would receive from them the sum of one hundred dollars per month, in liquidation of the note and interest, until paid; and that Dow agreed to forbear proceedings against Woolford and the other makers for the collection of the note. That this agreement was without the knowledge or consent of Woolford. That, in pursuance of the agreement, one hundred dollars of interest and other installments were paid.

Plaintiff read in evidence his answer to the bill of discovery, by which he denies that he gave any extension of time to Vane and Stone for the payment of the note.

The court below found the issues for the plaintiff, and assessed his damages at $916.05. Defendant Woolford entered a motion for a new trial, which was overruled by the court, and exceptions taken, when the court rendered judgment for the plaintiff for the amount of the damages so found. Defendant Woolford appealed to this court, and asks a reversal of the judgment, because the court below admitted the answer of Dow as evidence, and because the court overruled the motion for a new trial.

Mr. E. G. AsAY for the appellant.

1. Extension of time to principal debtor discharges surety; 26 Ill. 282; 5 Hurlstone & Norman, 1.

2. The answer of a defendant, to a bill in chancery, cannot be read by him in evidence on his own behalf; 2 Phil. on Ev. 69 and note; 1 Edw. Ch. 271; 7 Paige Ch. 598; 1 Johns. Ch. 131; 3 Litt. (Ky.) Ch. 378; 2 Wheat. 380; 5 Johns. 412; 6 Cranch, 8; 9 id. 153; Starkie's Evidence, 401; 11 Johns. 269; 1 Caine, 157.

Mr. A. E. WALCOTT for the appellant.

Mr. Chief Justice Walker delivered the opinion of the Court:

The question presented by this record is, whether time for payment of the note was extended, by a binding agreement with the principal debtor, without the consent of the security. If such was the case, then the latter was released from all liability, unless he subsequently ratified the agreement. Does the evidence in the case prove such an extension of time for payment? The note was due six months from its date, with ten per cent. interest. Vane and Stone, in their answer to the bill of discovery, state that defendant in error, after the note matured, agreed with them to extend the time of payment if they wanted and pay ten per cent. interest and one hundred dollars each month, in liquidation of the note, until it should be paid. It will be perceived that they state no new consideration to sustain the agreement, if any was made. The note, by its terms, drew ten per cent. interest, and this agreement made no change in its terms, as to the rate of interest. A credit is indorsed on the note, of one hundred dollars for interest, to the ninth day of February 1862, but it does not appear to have been paid in advance. For aught that appears, it was paid on that day, and if so, it was then due. Had this interest been paid in advance, it would have constituted a consideration for the agreement. But so far as this record discloses the agreement to extend time for payment, if any was made, was a mere *nudum pactum.*

Henry Dow testified, that he had the note in his possession from the latter part of February until sometime in May, for collection. That during that time, he had several interviews with Vane in reference to its payment, in none of which did he claim that any such agreement existed. That about the time witness placed the note in the hands of an attorney, that suit might be brought, Vane came to witness and offered him ten dollars if he would not institute legal proceedings on the note. If this evidence can be credited, and the witness was disinterested, and seems to have testified fully, fairly and with

apparent candor, it contradicts the answers of Stone and Vane when they say time was extended. If such an agreement existed why was it not insisted upon when suit was threatened? Again, the answers fail to give time, place and circumstances attending the transaction, and have every appearance of loose conversations, as to what the principal debtors could do in the way of making payments.

The note when read in evidence made out the case for defendants in error. To prevent a recovery it required plaintiff in error to establish his defense. And upon a careful examination of the evidence, we think that he has failed, even if the answers of Stone and Vane to the bill of discovery should be considered, without reference to that of defendant in error.

The judgment of the court below is therefore affirmed.

*Judgment affirmed.*