# WILLIAM C. GALBRAITH

## *v.*

## JOHN FULLERTON.

1. SURETY—*as to release of, by agreement of the payee of a promissory note with the principal debtor, to extend the time of payment.* An agreement to extend the time of payment, to operate as a release of the surety, must be, on sufficient consideration, legal and binding, and without the assent of the surety.

2. It must be such an agreement as can be interposed to prevent a recovery on the debt, such as suspends the action, and without the concurrence of the surety.

3. If the agreement be a *nudum pactum*, or illegal, the rights of the credi-tor as against the surety will remain unimpaired.

4. If, however, time has been legally extended by a valid contract, the surety could not compel the holder to receive the money, or if he should, the principal to the note would not be liable to him, as the time had not elapsed when he was required by his agreement to pay it.

5. USURIOUS CONTRACTS—*whether parties to an unexecuted usurious con-tract, are bound for its performance.* Neither of the parties to an unexecu-ted usurious or unlawful contract, is bound by it, or estopped from repudiating the same, where such party would derive no benefit, or acquire an advantage he did not previously hold, by such repudiation.

6. Where the payee of a note entered into an agreement with the princi-pal, without the knowledge or consent of the surety, to extend the time of payment of the note for one year, upon condition that the principal should pay him fifteen per cent interest, it was *held*, that neither the payee nor the principal was bound by the agreement, and that the surety was not thereby released from his liability.

7. In such case the surety could pay the note at its maturity, and recover the money from his principal, and he could not set up his illegal con-tract with the payee to defeat such recovery.

APPEAL from the Circuit Court of Montgomery county; the Hon. EDWARD Y. RICE, Judge, presiding.

The opinion states the case.

Mr. E. SOUTHWORTH, for the appellant.

Messrs. BRADLEY & OLDEN, and Mr. R. McWILLIAMS, for the appellee.

Mr. JUSTICE WALKER delivered the opinion of the Court:

This was an action of assumpsit, brought in the court below, on a promissory note. A plea of the general issue was filed by all the defendants, and appellant filed a special plea. It avers that the note was signed by appellant as surety of the other parties, for money loaned the principals in the note by appellee, and that he knew at the time that appellant was but a surety; that after the note became due, on the application of the principals in the note, and in consideration that they would pay fifteen per cent interest per annum on the note for one year from the maturity of the same, it was agreed to extend the time of payment of the note for the period of one year, without the knowledge or consent of appellant, whereby he became and was released.

To this plea appellee filed a demurrer, which was sustained by the court, and appellant abided by his plea. A trial was had, resulting in favor of appellee, and from the judgment this appeal is prosecuted. The sustaining of the demurrer to the plea is assigned as error.

An agreement to extend the time of payment, to operate as a release of the surety, must be on a sufficient consideration; must be legal and binding, and must be without the assent of the surety. It must be by such an agreement as can be interposed to prevent a recovery on the debt, such as suspends the action, and without the concurrence of the surety. If the agreement be a *nudum pactum*, or illegal, the rights of the creditor will remain unimpaired. When a note falls due, it is the right of the surety to pay it, and resort to the principals to have the money reimbursed to him. If, however, time has been legally extended by a valid contract, the surety could not compel the holder to receive the money, or if he should, the principals to the note would not be liable to him, as the time

had not elapsed when they were required by their agreement to pay it. If such extensions of time for payment were allowed, it would imperil the rights of the surety, as it would bind him to the performance of a contract he had not made.

That this contract for an extension of time was prohibited by the statute, and is illegal, is not controverted. But it is insisted that it binds appellee, and hence the surety was released; that had the payee sued on the note, the makers could have set up the contract, notwithstanding the usury, and that it could not have been replied that the agreement was void because usurious interest had been reserved. As the lender can never rely upon the usurious contract to his gain, he will not be permitted to show the agreement was usurious, and that being bound, appellant was released. And *Ferguson* v. *Sutphen*, 3 Gilm. 547, is referred to as supporting this position. That case holds that the lender of money, who had received the conveyance of the title to real estate as security for money loaned at an usurious rate, and had given a bond for its reconveyance on the payment of the money, could not repudiate the bond and hold the land because the transaction was usurious.

The question here presented is, whether the parties to an unexecuted usurious contract are both, or either of them, bound for its performance. It will be conceded that the borrower is not, but may at all times resist its performance. That the contract is unlawful and prohibited, is manifest; and shall it be said that the lender shall be compelled to proceed to its fulfillment? Will the law require him to execute an unlawful agreement to extend the time for payment, when the borrower has lost nothing, and has incurred no liability? If he could acquire any advantage he did not previously hold, he would not be permitted to avail himself of his own wrong, but in this case he gains nothing by repudiating the agreement which was not binding on the borrower. Appellee, we have no doubt, had a right to sue, notwithstanding the agreement to pay usury for an extension of the time for payment. And

had appellant paid the note, at its maturity, he could have sued his principals, to have the money refunded. They could not have set up their illegal contract with appellee, to defeat such a recovery, and if so, that agreement in no wise impaired his rights, and he was not absolved from liability, and the judgment of the court below is affirmed.

*Judgment affirmed.*