# SAMUEL GLICKAUF

*v.*

# LOUIS HIRSCHHORN *et al.*

1. PLEADING—*plea to whole declaration must answer all.* A plea to the whole declaration which leaves a material averment unanswered, is bad on demurrer.

2. SAME—*plea that time of payment was extended without consent of surety.* A plea by a surety, that the time of payment of the note sued on was extended by agreement with the principal debtor, without the knowledge of the surety, should show such a consideration for such agreement to extend the time, as to render it a valid, binding contract, and should also show the time to which the payment was extended.

APPEAL from the Superior Court of Cook county; the Hon. JOHN BURNS, Judge, presiding.

Mr. ALLAN C. STORY, and Mr. RUFUS KING, for the appellant.

Mr. PHILIP STEIN, for the appellees.

Mr. JUSTICE BREESE delivered the opinion of the Court:

This is an appeal from the Superior Court of Cook county, from a judgment rendered by that court in an action of assumpsit, on three promissory notes. The declaration contained twelve counts, on all which issues were made up and tried by the court without a jury, resulting in a judgment for the plaintiff.

The controversy appears to be as to the nature of the liability of appellant, whether as indorser or guarantor of the payment of the notes.

As there is no bill of exceptions in the case, preserving the evidence, the same having been stricken from the record, we are unable to pronounce upon the propriety of the finding of the court; and, in the absence of evidence, we must presume the judgment of the court is correct, and that the evidence heard sustains the finding.

The questions of law raised by appellant are upon the ruling

of the court upon plaintiff's demurrer to defendants' third and fourth pleas. The third plea was to the whole declaration, and answered only a part thereof, the averments of defendants' guaranty being unanswered; and besides, the plea itself amounted to the general issue.

The fourth plea alleges, that when the note became due, plaintiffs, by agreement with the maker thereof, extended the time of payment of the same, without the knowledge or consent of defendant.

The defect in this plea is obvious. There is no consideration alleged for this extension of time, and being no consideration it was not a binding contract, and could not prevent a suit upon the note against the maker, notwithstanding the agreement. It was *nudum pactum.* The plea is defective, also, in not stating the time to which payment was extended. An agreement of this kind, to exonerate the surety, must be a valid and binding agreement. *Waters* v. *Simpson,* 2 Gilm. 570; *Warner* v. *Crane,* 20 Ill. 148; *Flynn* v. *Mudd et al.* 27 ib. 323; *Galbraith* v. *Fullerton,* 53 ib. 126.

As to the fourth error assigned, it does not appear that any objection of this kind was made in the court below, and it is now too late. If it was an objection it was waived by going to trial. Nor is it assigned as error, that a greater number of judges held the court than is allowed by the constitution.

Perceiving no error in the record, the judgment is affirmed.

*Judgment affirmed.*