### Daniel Heenan et al. v. Bridget Howard.

81   629
85   223

81      629
97   ¹331
81      629
112   ¹421

1.  SURETIES—*Discharged by Extension of Time.*—If a creditor, by a
valid and binding agreement, without the assent of the surety, gives
further time to the principal debtor, the surety will be discharged, but
such an agreement must change the contract of the principal and put it
out of the power of the holder to enforce the debt during the period of
forbearance agreed upon.

2.  SAME—*Payment of Interest Due, Not a Valid Consideration.*—The
payment of interest already due is not a sufficient consideration for a new
promise to extend the time of payment.

3.  WITNESS—*Demeanor upon the Witness Stand.*—The jury are at
liberty to consider the demeanor of the witnesses upon the stand as
affecting his credibility.

4.  INSTRUCTIONS—*Affecting the Credibility of Witnesses.*—An in-
struction telling the jury that it is their duty to consider the demeanor
of a witness upon the stand while testifying is not a correct statement
of the law, as it may lead them to suppose that in the opinion of the

court the conduct of the witness had been such as to shed light upon the value of his evidence.

5. PRACTICE—*Calling a Jury into Court to Learn if They Can Agree.*—Where a judge caused the jury to be brought into court, and asked if they had agreed upon a verdict, and receiving a negative answer, asked whether they disagreed upon a question of law or of fact, the foreman answered " On a question of law." The judge inquired what it was, and the foreman replied, " Whether the collection of interest on the note annually and indorsing the same on the back of the note is equivalent to an extension of the time of payment of the note." The judge then stated that he might give instructions on that point, and sent the jury to their room. The judge did not send for the attorney for defendant, but plaintiff's attorney being present in court, stated to him the substance of an instruction he wished prepared on the subject embraced in the foreman's question, and he wrote an instruction as directed. The jury were brought into court, the judge read the instruction to them, whereupon they retired and afterward agreed. *Held,* not error.

6. SAME—*Power of a Court to Act.*—The power of a court to act does not depend upon the pleasure of counsel to attend or be within reach of the officers of the court.

7. SAME—*Effect of the Withdrawal of an Attorney.*—Withdrawal of an attorney from the court room does not deprive the court of jurisdiction to take such action in a case in open court as circumstances may require.

8. ATTORNEYS—*Duty When Engaged in a Trial.*—It is the duty of counsel engaged in the trial of a cause to remain in court during its session, or to be represented there, or make their own arrangements at their own risk to provide for being called into court until the jury having the case is discharged.

**Assumpsit,** on a promissory note. Trial in the County Court of La Salle County; the Hon. H. W. JOHNSON, Judge, presiding. Verdict and judgment for plaintiff. Appeal by defendant. Heard in this court at the December term, 1898. Affirmed. Opinion filed April 11, 1899.

REEVES & BOYS and H. M. KELLY, attorneys for appellants.

The agreement of the principal maker of a note to keep the money for another year and pay the same rate of interest as before, is a sufficient consideration to sustain the agreement of the legal holder of the note to extend the time, and will release the surety not assenting thereto. Dodgson et al. v. Henderson, 113 Ill. 360; Barnard v. Reynolds, 49 Ill. App. 596; Beuter, Adm'x, v. Dillon, 63 Ill. App. 517.

Heenan v. Howard.

The liability of the surety is not to be extended by implication. Shreffler et al. v. Nadelhoffer, 133 Ill. 551; Vinyard v. Barnes, 124 Ill. 346; Burlington Ins. Co. v. Johnson, 120 Ill. 622.

Appellants' attorneys also contended that the following acts on the part of the court constituted prejudicial error:

In having any verbal communication with the jury after its retirement out of the presence of and without the knowledge or consent of the parties or their counsel.

In calling the jury into court about eighteen hours after they had retired, and while counsel for plaintiff was present, but in the absence of counsel for defendants and the parties to the suit, and without their knowledge or consent, interrogating them as to the reasons for their inability to agree.

In giving to the jury, about eighteen hours after they had retired, an additional and material instruction, prepared and presented by counsel for plaintiff, out of the presence of and without the knowledge or consent of counsel for defendants, and without giving or attempting to give counsel for defendants an opportunity to present additional instructions on the point suggested by the foreman of the jury. C. & A. R. R. v. Robbins, 159 Ill. 598; City of Joliet v. Looney, 159 Ill. 471; Shaw v. Camp, 160 Ill. 425; Crabtree v. Hagenbaugh, 23 Ill. 349; Fisher v. People, 23 Ill. 289.

HENRY FETZER and McDOUGALL & CHAPMAN, attorneys for appellee.

Where, after a jury had retired to consider their verdict, they again came into open court, and at their request, then received additional instructions in the absence of the defendant and his counsel, it was held that such instruction was not a private instruction or communication to the jury. The giving of notice to absent counsel or suitors, before proceeding in causes in which they are interested, is a matter of grace or favor on the part of the court and not a legal duty or obligation. Chapman v. The Chicago N. W. Ry. Co., 26 Wis. 295.

Counsel, by purposely or inadvertently withdrawing

from the court, can not take away the power, or suspend the right to exercise it, until they can be found and brought in, if willing to come. It is the duty of counsel, engaged in the trial of a case, to remain in or be represented at the court, during its sessions, until the jury having the case in charge is discharged. The failure of the counsel to perform their duty does not deprive the court of its power to discharge its duty. The court is not required to send out its officers to invite counsel to attend to their duties and hear additional instructions which the court purposes to give the jury. Undoubtedly, in most cases, courts will endeavor, as a matter of courtesy, to secure the attendance of counsel before reinstructing the jury; but it is not an error if it is not done. Cornish v. Graff, 36 Hun (N. Y.), 160.

MR. PRESIDING JUSTICE DIBELL delivered the opinion of the court.

In this case, Bridget Howard recovered a judgment by confession in the court below against Frank McGary and Daniel Heenan, which was afterward opened to let in a defense. Defendants pleaded the general issue, and Heenan pleaded specially that he was surety only upon the note in suit, whereof plaintiff had notice, and that when the note came due plaintiff, at the request of McGary, and in consideration of his promise to keep the money secured by said note another year after it was due and to pay interest on said sum annually, agreed with McGary to give him, and did give him, a delay of payment of said note for one year then next ensuing; and averred like extensions upon like considerations at the end of the second, third and fourth years after said note became due. Plaintiff replied, denying each of said alleged extensions. Upon the trial defendants were allowed by the jury a liberal credit for certain labor performed by McGary for Mrs. Howard, and it is not now argued the verdict and judgment for plaintiff are too large in amount if plaintiff was entitled to recover.

The note sued upon contained this clause: "Sureties consent that time of payment may be extended without

notice thereof." Appellants argue this authorized but one extension. Without determining this contention, we pass to consider the question whether the proof shows a valid extension. If a creditor, by a valid and binding agreement, without the assent of the surety, gives further time to the principal debtor, the surety will be discharged. (Dodgson v. Henderson, 113 Ill. 360; Price v. Dime Savings Bank, 124 Ill. 317, and cases there cited.) In order to have the effect of discharging the surety, such an agreement must change the contract of the principal and put it out of the power of the holder to enforce the note during the period of forbearance agreed upon. If it does not prevent the holder from proceeding against the principal it will not discharge the surety. To discharge the surety it must be based upon a new and valid consideration. (Gardner v. Watson, 13 Ill. 347; Warner v. Campbell, 26 Ill. 282; Woolford v. Dow, 34 Ill. 424; Galbraith v. Fullerton, 53 Ill. 126; Glickauf v. Hirschorn, 73 Ill. 574; 2 Randolph on Commercial Paper, Secs. 957, 964.) The burden was upon Heenan to prove at least one binding extension. McGary and Mrs. Howard were the only witnesses upon the subject. If McGary had sworn to one or more valid extensions, still Mrs. Howard testified she granted no extensions, and we see nothing in the evidence to justify us in saying there was a preponderance of the evidence in his favor. But is there any evidence an extension was granted? McGary testified that when the note came due in 1889, and at the expiration of each year thereafter, in 1890, 1891, and 1892, he asked Mrs. Howard if she wanted her money, or could he have it another year, and that she each time replied all she wanted was her interest, and to pay the interest and he could have it another year, and that after each of said conversations he paid the interest. The interest referred to in each of these conversations was the interest already due for the past year. Each time McGary only paid what was already due by the terms of the note. He does not testify that he ever told her he would keep the money another year, nor that he promised to pay her interest for another year. His pay-

ment of interest already due was not a consideration for a new promise to let him have the money another year. There was no promise by him or other consideration passing to her for her statement to him that he could have the money another year. He made no promise, and was not bound, and could have compelled her to accept the money the next day. Therefore Mrs. Howard was not bound, and there was no contract such as was set up in the special plea, and there was no valid extension. (Crossman v. Wohlleben, 90 Ill. 537.) It follows no verdict for defendants could have been sustained, and even if errors intervened in the matters hereinafter stated the judgment is clearly right and should not be reversed.

The court refused the seventeenth instruction, which told the jury, among other things, to take into consideration the whole of the evidence, and that in determining the weight to be given the testimony of the several witnesses, they should take into consideration their conduct and demeanor while testifying. On the trial the court admitted several items of evidence which were afterward excluded, and the seventh and eighth instructions given, told the jury to disregard such evidence. It is not argued the seventh and eighth instructions were wrong. If the court, after giving the jury these instructions to disregard certain evidence they had heard, had given another, telling them to consider all the evidence, these directions would have been in seeming conflict, and would have tended to confuse the jury. The conduct of a witness upon the stand may be such as to greatly detract from or add to the weight otherwise due to his testimony, or it may be such as to have no bearing on that subject. To tell the jury it is their duty to consider his demeanor may lead them to suppose that in the opinion of the court, the conduct of the witness had been such as to shed light upon the value of his evidence. While we might not reverse for the giving of such an instruction, we think the correct statement of the law is that the jury are at liberty to consider the demeanor of the witnesses upon the stand, thus leaving it for the jury to decide

whether their conduct ought to be considered as affecting their testimony. We hold it was not error to refuse the seventeenth instruction.

There was a door between the court room and the jury room. While the jury were out considering this case, and court was in session, the bailiff opened the door to inquire if the jury had reached a verdict. The foreman stepped into the open door and asked the court, " Was the payment of interest annually and the indorsement of the same on the back of the note equivalent to an extension of the note ? " The judge replied from the bench, " I can not instruct you orally as to the law in this case." The foreman stepped back into the jury room and the bailiff closed the door. None of the parties or their counsel were present, and the court did not send for them. The jury did not agree that night. The next day, when the court was again in session and another case on trial, the judge caused the jury to be brought into court, and asked if they had agreed upon a verdict, and receiving a negative answer, asked whether they disagreed upon a question of law or of fact. The foreman answered, " On a question of law." The judge inquired what it was, and the foreman replied, " Whether the collection of interest on the note annually and indorsing the same on the back of the note is equivalent to an extension of the time of payment of the note." The judge then stated that he might give further instruction on that point, and sent the jury to their room. Heenan and McGary had been defended by different attorneys. McGary's attorney was then at his office in Ottawa, the county seat, and Heenan's attorney was in Streator. The court did not send for them, or for any one, but plaintiff's attorney being present in court the judge stated to him the substance of an instruction he wished prepared, on the subject embraced in the foreman's question. Plaintiff's attorney wrote an instruction as directed by the judge, which we think correctly stated the law, and the judge marked it " Given." The jury were brought into court, and the judge read the instruction to them, and the jury again retired and afterward agreed.

It is argued the court erred in taking this action in the absence of counsel for defendants and without sending for them. Appellants cite several cases in support of their contention. In most of them the judge visited the jury room and there conversed with or instructed the jury, or sent instructions to the jury room, without calling the jury into open court, or excluded the public from the court room and then called the jury in and secretly instructed them in the absence of parties and counsel. Such acts were properly disapproved. But it will be observed that everything here objected to was done in open court when the court was duly convened and sitting for the transaction of judicial business. We think it very proper for the court to send for counsel when practicable, before acting in such a case, but we can not hold as a matter of law that it is the duty of the court to send for absent counsel, and await their arrival before proceeding in the causes wherein they are engaged. In our view of the law, sending for counsel is a mere act of courtesy on the part of the court, and not a legal obligation or duty. If the court proceeds without sending for counsel, and it afterward appears an injustice has resulted from such omission, and that there was due cause for the absence, no doubt the court might be bound to grant a new trial or open the proceedings complained of. Therefore we hold it is not error for a court regularly convened to proceed without sending for counsel; that the power of the court to act does not depend upon the pleasure of counsel to attend or be within reach of the officers of the court; that without the presence of counsel judicial business can be transacted when the court is duly in session at a time fixed by law, or a prior adjournment, and that the rights of the diligent party are not defeated by the mere failure of the court to send for absent counsel. The attorneys knew the jury had been sent out in the case, and were bound to know further instructions might be necessary. We are of opinion that their withdrawal from the court room did not deprive the court of jurisdiction to take such further action in the case in open court as circumstances might require. We hold that the true rule is that it is the

duty of counsel engaged in the trial of a cause to remain in court during its session, or be represented there, or make their own arrangements at their own risk to provide for being called into court, till the jury having the case is discharged. Chapman v. C. & N. W. R. R. Co., 26 Wis. 295; Cornish v. Graff, 36 Hun (N. Y.), 160; Cooper v. Morris, 48 N. J. Law, 607.

The record does not disclose why counsel was absent, nor that any injustice has resulted to defendants, and we are therefore of opinion no error was committed. The judgment is affirmed.