## Board of Trustees of Schools, for use of, etc., v. James King and David Hannah.

1. SURETIES—*When Not to be Released by the Extension of the Time of Payment.*—Where the sureties upon a promissory note contract to be bound by an extension of the time of payment, made with the principal debtor without their knowledge, to have such effect the extension must be made upon a sufficient consideration, and of such a character that all parties to the contract will be equally legally bound.

2. PROPOSITIONS OF LAW—*Must be Based upon Evidence.*—Where there is no evidence in the case upon which to base a proposition of law, it is properly refused.

Assumpsit, on a school fund note. Appeal from the Circuit Court of Knox County; the Hon. GEORGE W. THOMPSON, Judge, presiding. Heard in this court at the May term, 1899. Affirmed. Opinion filed October 12, 1899.

WILLIAMS, LAWRENCE & WELSH, attorneys for appellant.

J. A. McKENZIE and J. J. WELSH, attorneys for appellees.

MR. PRESIDING JUSTICE CRABTREE delivered the opinion of the court.

This was an action of assumpsit, commenced January 20, 1899, by appellant, against Cyrus T. King, James King and David Hannah, to recover the amount claimed to be due on four promissory notes, dated March 2, 1885, one being for $92 and the other three for $100 each, all due in one year after date, and all bearing interest at the rate of seven per

cent per annum, payable semi-annually in advance.    These notes were all signed by the defendants above named, and were payable to the order of the appellant.    Cyrus T. King was the principal debtor, and appellees were mere sureties. Each of said notes contained a clause, as follows, to wit:

" And we further agree to give such additional security for the payment of these notes, as said trustees may at any time require, and also that no extension of the time of payment, with or without knowledge, by the receipt of interest or otherwise, shall release us or either of us, from the obligation of payment."

As a defense, appellees, the sureties, pleaded the ten years statute of limitations.    Cyrus T. King was defaulted for want of a plea.    To the plea of the statute of limitations, the plaintiff replied that the several promises declared upon were each made within ten years last before the commencement of the suit.

While we do not find in the record any formal waiver of a trial by jury, the cause appears to have been tried by the court without a jury, and upon such trial the court entered judgment against the principal, Cyrus T. King, for $448.78, and found the issue upon the statute of limitations in favor of appellees, and rendered judgment accordingly.    The plaintiff below brings the cause to this court by appeal.

This suit having been begun between twelve and thirteen years after the maturity of the notes, the statute of limitations would constitute a complete defense to the action, unless the evidence shows a legal reason why the running of the statute in favor of appellees. has been arrested and may not be availed of in their behalf.

We think it clear that when appellees executed the notes, they contracted to be bound by an extension of the time of payment, even though made with the principal debtor without their knowledge; but to have such effect, the extension must have been made upon a sufficient consideration, and of such a character, that all parties to the contract would be equally and legally bound.    Appellant seeks to avoid the effect of the statute, by claiming that extensions of time of payment of the notes were given to the principal

debtor from year to year, up to March 2, 1897, and that such extensions bound the sureties. It does not appear that the sureties had any knowledge of these alleged extensions. They insist that the contract contained in the note, in reference to extensions of time of payment, must be construed most strongly against the payee, who is presumed to have exacted the condition, and for whose benefit it was made, and that so construed it authorizes but one extension.

The following cases are cited in support of this contention: Bank v. Chick, 64 N. H. 410; Miller v. Spain, 41 Ohio St. 376.

But in the view we take of this case it is unnecessary to determine that question. The evidence shows only one payment of interest in advance, and that was made on February 24, 1887, when interest was paid to March 2, 1887. That payment no doubt constituted an extension upon a valid consideration from February 24, 1887, to March 2, 1887. If, as claimed by appellees, the contract authorized but one extension, there was that extension. If, for any reason, the clause in the note was invalid, there was such an extension as released the sureties, it being made without their knowledge or consent. But it will be seen that more than ten years elapsed between March 2, 1887, the time to which payment was extended, and the commencement of this suit, and it follows that even if the extension was legal and binding upon appellees, still the statute of limitations had run and constituted a complete defense when the suit was brought. As to any other alleged extensions, we think the evidence fails to show a single one made upon a sufficient consideration to be binding upon the parties, either the principal or payee of the note. Interest was paid only after it became due. Construing the testimony of the school treasurer most strongly in favor of appellant, all it shows is, that after interest was due the principal would go to the school treasurer every year, and say he would like the note to run another year. The treasurer said he would see the trustees, and the latter, when informed of the principal's request, would

simply say, "let it run." The principal would afterward see the treasurer and ask him if it was all right, and the latter would say "yes." This appears to have been all that was done in the way of making extensions. There was no payment of interest in advance, so as to prevent appellant from commencing suit at any time, and no agreement on the part of the principal to keep the money and pay interest upon it for any definite time. This was the manner in which the business was done during all the years following March 2, 1887, and we think it was altogether too loose and indefinite to constitute a binding cóntract upon appellees as sureties. There was no consideration for these supposed extensions and therefore they bound no one. Crossman v. Wohlleben, 90 Ill. 537; Heenan v. Howard, 81 Ill. App. 629.

If the principal in his testimony gives a correct version of the transaction, no time as to extensions was ever mentioned with any definiteness. In any view we have been able to take of this case, as presented by the record, we think the court below came to a correct conclusion upon the facts.

Two propositions were submitted by plaintiff to be held as law by the trial court, and both were refused. This refusal is assigned for error, but the point is not made in argument and must be considered as waived. We may remark, however, that as there was no evidence upon which to base the propositions, they were properly refused.

The judgment will be affirmed.