(83 N. W. Rep. 993.)

---

McCORMICK HARVESTING MACHINE CO. *vs.* WILLIAM RAE, *et al.*

Opinion filed November 26, 1900.

### Extension of Time to Debtor—Release of Surety.

A creditor, by extending time of payment to his debtor without the knowledge or consent of a surety, thereby releases such surety. It is necessary, however, to the validity of such extension, that it be upon a sufficient consideration, and to a definite time.

### Negotiable Instruments—Answer—Insufficient Averments to Show Discharge of Surety.

The answer of a surety to a complaint on promissory notes which merely alleges that the notes were extended without his knowledge or consent, does not allege the time to which they were extended, or that the payee agreed to extend time of payment for any definite period, does not allege a valid extension, and states no defense. It is accordingly *held* that it was error to overrule a demurrer to such answer based upon the ground that it did not state facts sufficient to constitute a defense.

Appeal from District Court, Cass County; *Pollock*, J.

Action by the McCormick Harvesting Machine Company against William Rae and others. From a judgment overruling a demurrer to the answer of William Rae, plaintiff appeals.

Reversed.

*Benton, Lovell & Holt,* for appellant.

A co-maker of a promissory note, though a surety, is not entitled to notice of dishonor. Edwards, Bills & Notes, 454; 1 Parson's

Notes & Bills, 236; *Hartman* v. *Burlingham,* 9 Cal. 557; *Fitch* v. *Bank,* 97 Ind. 211; *Bond* v. *Storrs,* 13 Conn. 412; *Hunnicutt* v. *Perot,* 27 S. E. Rep. 787; *Butner* v. *Liebig,* 38 Mo. 188; *Treadway* v. *Antisdal,* 86 Mich. 82; *Carpenter* v. *McLaughlin,* 12 R. I. 270; *Scott* v. *Shirks,* 60 Ind. 160. Respondent's answer alleges that he, as surety, is discharged by an extension of the obligation granted by the creditor to his principals. The allegation of extension is a legal conclusion. There would be no legal extension of the time of payment of the notes in suit without a valid agreement therefor, and there is no averment that the extension was for a definite period of time. 2 Randolph on Commercial Paper, 642; *Olson* v. *Chism,* 51 N. E. Rep. 373; *Smith* v. *Freyler,* 1 Pac. Rep. 214, 4 Mont. 498; *Glickhauf* v. *Hirschorn,* 73 Ill. 574; *Prather* v. *Young,* 67 Ind. 480; *Voris* v. *Schott,* 50 N. E. Rep. 484; *Winnie* v. *Colorado,* 3 Col. 158; *Bank of Commerce* v. *Humphrey,* 6 S. D. 415, 61 N. W. Rep. 444, 12 Enc. Pl. & Pr. 1024-1026, n. 2.

*Cole & Johnson,* for respondent.

Defendant's answer sufficiently pleads the extension of time of payment, the consideration therefor, and the fact that respondent had no knowledge of such extension. Bigelow on Bills & Notes, p. 584; *Dohn* v. *Bronger,* 47 S. W. Rep. 619; 2 Daniels, Neg. Instr. 1312; *St. Paul Trust Co.* v. *St. Paul Chamber of Commerce,* 73 N. W. Rep. 408; *Moulton* v. *Posten,* 8 N. W. Rep. 607; *Lambert* v. *Shitter,* 17 N. W. Rep. 187; *Stevens* v. *Oaks,* 25 N. W. Rep. 309; *State National Bank* v. *Stratton,* 50 S. W. Rep. 631; *Lambert* v. *Shetler,* 32 N. W. Rep. 424; *Wendling* v. *Taylor,* 10 N. W. Rep. 675; *Bangs* v. *Strong,* 16 N. Y. Com. Law, 578; *Huffman* v. *Hulbert,* 12 N. Y. Com. Law, 412; §§ 3866-3871-3872, Rev. Codes. An extension that would cover a reasonable time is a definite extension and releases the surety, although no definite time to which the extension was made is mentioned. § 3915, Rev. Codes; *Acme Harvester Co.* v. *Axtell,* 5 N. D. 315, 65 N. W. Rep. 680; *Liljengren Furniture Co.* v. *Mead,* 44 N. W. Rep. 306; *Greenwood* v. *Davis,* 64 N. W. Rep. 26.

YOUNG, J. Action on three promissory notes executed and delivered by the defendants J. T. Rae, Robert Rae, and William Rae to plaintiff. The two defendants first named did not answer. The defense attempted to be interposed by William Rae is that he is merely a surety on said notes, and that he has been released by an extension of time granted by the payee to the principals without his knowledge or consent. Plaintiff demurred to the answer on the ground that it does not state facts sufficient to constitute a defense. This was overruled, and plaintiff appeals from the order.

The law is settled beyond dispute that, where a creditor and the principal debtor make a valid contract extending the time of payment without the knowledge and consent of a surety, the surety is discharged from his liability. It is equally well settled that a contract of extension, to be valid and operative, must be between the

creditor and principal debtor. It must rest upon a sufficient consideration, and the extension agreed upon must be for a definite time; in other words, it must be such an agreement as precludes the creditor from enforcing payment against the principal until the expiration of a specified period. *Draper* v. *Romeyn,* 18 Barb. 166; *Wheeler* v. *Washburn,* 24 Vt. 293; *Pierce* v. *Goldsberry,* 31 Ind. 52; *Board* v. *Covington,* 26 Miss. 471. "To discharge a surety by extension of time, there must be a sufficient consideration, and a time definitely fixed." *Gardner* v. *Watson,* 13 Ill. 347; *Flynn* v. *Mudd,* 27 Ill. 326; *Galbraith* v. *Fullerton,* 53 Ill. 126; *Glickauf* v. *Hirschhorn,* 73 Ill. 574; *Winne* v. *Springs Co.,* 3 Colo. 155; *Starret* v. *Burkhalter,* 70 Ind. 285; *Arms* v. *Beilman,* 73 Ind. 85; *Henry* v. *Gilliland,* 103 Ind. 177, 2 N. E. Rep. 360; *Beach* v. *Zimmerman,* 106 Ind. 495, 7 N. E. Rep. 237. And a surety is released only when the extension is for a definite period. *Voris* v. *Shotts* (Ind. App.) 50 N. E. Rep. 484. Where the consent to forbear is for a loose and uncertain period, the creditor's hands are not tied, and the surety is not released. *Jarvis* v. *Hyatt,* 43 Ind. 163; *Miller* v. *Stem,* 2 Pa. St. 286; Rand. Com. Paper (2d Ed.) § § 954, 958, 1820. See, also, *Bank* v. *Torrey* (S. D.) 73 N. W. Rep. 193. The question presented by the demurrer in the case at bar is whether the answer interposed alleges a valid contract of extension. If it does, it states a defense; if not, the demurrer should have been sustained. The allegations relative to the contract of extension are as follows: "That said notes were extended for payment by plaintiff to the defendants Robert Rae and J. T. Rae in the year 1897 in consideration of the fact that said two defendants did then buy from said plaintiff two new harvesting machines, and that said extension was given without the knowledge, consent, acquiescence, or approval of this defendant." Does this answer allege such a contract of extension as would discharge a surety? It is entirely clear that it does not. We may assume, without deciding the question, that a consideration for the extension is alleged in the answer, and further assume that the allegation "that said notes were extended" is an allegation of an issuable fact, and not a mere conclusion of law. Yet it wholly fails to allege a material fact, which, under the authorities, is vital to a valid contract of extension, namely, that plaintiff agreed to extend the time of payment to some fixed and definite period. As has been seen, this element of a contract of extension is as vital as the consideration. The cases are numerous where answers of sureties pleading a release because of extension of time have been held bad upon demurrer for failure to allege a sufficient consideration for the alleged contract of extension. *Galbraith* v. *Fullerton,* supra; *Flynn* v. *Mudd,* supra. For the same reason an answer which does not allege the time to which payment was extended states no defense, and will be held bad on demurrer. Such have been the holdings of the courts whenever the question has been presented. *Glickauf* v. *Hirschhorn,* 73 Ill. 574. In *Menifee* v. *Clark,* 35 Ind. 304, an answer was held insufficient on demurrer solely because it did "not allege any definite time

for which the extension was given," although it was held sufficient as to allegation of consideration. This case was followed and approved in *Abel* v. *Alexander,* 45 Ind. 523; *Bucklen* v. *Huff,* 53 Ind. 474. See, also, *Olson* v. *Chism* (Ind. App.) 51 N. E. Rep. 373, and cases cited in opinion. Counsel for respondent urge, however, that under the new procedure, requiring the allegations of pleadings to be liberally construed, which rule has been adopted in this state, and is found in section 5283, Rev. Codes, the answer is sufficient. It is clear that no rule of construction, however liberal, can supply and arbitrarily inject into a pleading an averment of a material fact which has been wholly omitted. Furthermore, the rule applies to allegations which are made, and are ambiguous and defective, and has no reference to the omission of material averments. Phillips, in his work on Code Pleading (section 352), says: "In the application of this canon of construction it must be borne in mind that it relates to matters of form, and in no way dispenses with the fundamental requisites of a pleading," which are that all traversable facts shall be stated issuably. Under the authorities it is essential to the validity of a contract of extension that the agreement to extend shall be to a definite time. The answer contains no such averment, and accordingly does not state a defense. The District Court is directed to vacate its order, and enter an order sustaining the demurrer. All concur.