Church v. John E. Burns Lumber Co.

Myron H. Church et al. v. John E. Burns Lumber Company.

Gen. No. 12,500.

1. SURETY—*when extension given by creditor to debtor will not discharge.* While it is true that a valid and binding agreement between the principal debtor and the creditor, whereby the time of payment is extended without the consent of the surety, may release such surety, such an agreement, in order to have that effect, must be based upon sufficient legal consideration and the time of extension must be definitely fixed.

Action of assumpsit. Appeal from the Circuit Court of Cook County; the Hon. LOCKWOOD HONORE, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1905. Affirmed. Opinion filed June 12, 1906.

C. A. WINSTON, for appellants.

SCHMITT & WISE, for appellee.

MR. JUSTICE FREEMAN delivered the opinion of the court.

This is an appeal from a judgment in favor of appellee upon a promissory note made by H. F. Lundgren and Anna M. Lundgren, and executed by appellants, Thomas J.

O'Malley and Myron H. Church, as sureties. It is dated March 31, 1904, for the sum of $1,000, payable thirty days after date with interest at six per cent.

The only question presented is whether the payee entered into a valid and binding extension agreement with Lundgren, the principal debtor, operating to release and discharge appellants as sureties. The evidence relied upon to sustain appellants' contention to this effect is, first, the testimony of both Church and O'Malley to the effect that Mr. Burns, of the lumber company, told each of them that he had granted Lundgren an extension of time within which to pay it. No details of any kind are given as to the terms of the alleged extension agreement, and Burns denies having made any such statement. The only other evidence offered to sustain appellants' claim was a certified copy of a mortgage made by H. F. and Anna M. Lundgren, conveying to appellee certain land in Cincinnati, purporting to have been made to secure payment of the note in controversy. Church and O'Malley testify, each for himself, that they knew nothing about the alleged extension beforehand, were not consulted with reference to it and did not agree or consent to it.

In rebuttal John E. Burns, of the lumber company, testified, as above stated, that he never had any conversation with appellants in which he told them that the note had been extended, that he met them at the office of their attorney, and they requested him to let them have the note that they might use it in attachment proceedings against property of Lundgren's in Cincinnati, in which proceedings they told him they would like to use the name of appellee. He states that he did not give them the note, but did give them a copy. He denies that at any time before or after the note became due he extended to Lundgren the time of its payment, but states he told appellants that as to them he "would hold the matter in abeyance". He states that Lundgren never asked him for and he never had any conversation with him about any extension; that he never saw the mortgage, a copy of which was introduced by appellants,

never asked for it, and would not have accepted it if offered, because he considered the sureties on the note better security than such mortgage. There is also evidence of one of appellee's attorneys to the effect that he talked with appellants with reference to payment of the note in controversy about a week before beginning this suit, that they said nothing about an extension of the note, but that O'Malley told him what they wanted was a little more time, and if appellee would hold off a little, they would see that it got the money.

It is clear that appellants' evidence comes far short of sustaining their contention. While it is true that a valid and binding agreement between a principal debtor and the creditor, whereby the time of payment is extended without his consent, may release the surety, such agreement, in order to have that effect, must be based upon a sufficient legal consideration and the time of extension must be definitely fixed. Gardner v. Watson, 13 Ill. 347–353; Field v. Brokaw, 148 Ill. 654; A. & E. Ency. of L., Vol. 27, p. 505; Gailbraith v. Fullerton, 53 Ill. 126. No such agreement is proven in the case before us. Appellants' evidence does not tend to prove any actual extension ever given the principal debtor, nor is there proof of any implied agreement to that effect. In so far as there is evidence, such as the Ohio mortgage, which might create a suspicion of, or from which such extension might be inferred, it is expressly contradicted by competent evidence. Lundgren was apparently put or went into bankruptcy, and there is no proof even of forbearance, as to the principal debtor.

The judgment of the Circuit Court will be affirmed.

*Affirmed.*