J. P. SCHALLER & COMPANY et al., Appellants, v. CANISTOTA GRAIN COMPANY, Respondent.

(141 N. W. 993.)

1.  **Nuisance—Actions—Sufficiency of Complaint.**

    Under Civ. Code, Sec. 533, prohibiting construction of an elevator within 100 feet of any existing structure, and Sec. 2402, authorizing a private person to maintain an action for a public nuisance only in case it is specially injurious to himself, the owners of existing elevators cannot enjoin construction of another within 100 feet of their own, without alleging facts showing special injury to them; the mere erection of a new elevator within said distance not necessarily causing them special injury.

2.  **Constitutional Law—Presumption as to Validity of Statute—Nuisance.**

    While this Court will not, on the meager facts alleged, pass upon the constitutionality of Civ. Code, Sec. 533, prohibiting construction of elevators, etc., within 100 feet of any existing structure, and requiring them to be at safe distance from station buildings, etc., held, that the act is at least presumptively constitutional as to non-fireproof frame structures.

**3.  Constitutional Law—Determination of Validity of Statute—
     Meager Showing.**

The constitutionality of a statute will not be determined on
a meager recital of facts alleged, and in absence of full argu-
ment.

**4.  Statutes—Constitutionality of—Defective Title—Subsequent Re-
     vision.**

Although the title to 'an act may not have embraced certain
of its provisions here involved, yet, the act having been sub-
sequently embraced in the Revised Civil Code, the title to
which Code did embrace the subject in question, the court will
not look to the title of that act in determining the validity
of the section in question.

**5.  Statutes—Constitutionality—Titles and Subjects.**

The title of the Revised Civil Code, which recites that it is
an act to provide a civil code embracing four divisions, the
second of which relates to property, including shipping and
incorporations, is broad enough to embrace the provisions of
Sec. 533, prohibiting construction of elevators, warehouses,
etc., within 100 feet of any existing structure, within a safe
fire distance of station buildings, or so as to conflict with safe
and convenient operation of railroads.

(Opinion filed June 3, 1913.)

Appeal from Circuit Court, McCook County.  Hon. JOSEPH
W. JONES, Judge.

Action by the J. P. Schaller Company and another against the
Canistota Grain Company, to enjoin the construction of an ele-
vator near plaintiffs' elevators.  From an order sustaining a de-
murrer to the complaint, plaintiffs appeal.  Affirmed.

*Aikens & Judge,* for Appellants.

It would be useless to allege in the complaint any facts that
must of necessity have been intended by the Legislature to be
embodied in the spirit if not the letter of the statute whose pro-
tection we invoke.

The "nuisance in fact" is recognized in the act and is not
"solely" statutory.  Sec. 533, Civil Code, read in connection with
sections 532, 534, and 535; Pomeroy's Equitable Remedies, Sec.
518.

The Legislature by necessary implication made the building
closer than one hundred feet of an existing structure of an
elevator, etc., a nuisance, and the spirit of the law is clear that it
is for the special interest of the occupants of the railroad right

of way. If such is the fact, plaintiffs should not be required to allege specific facts to show that the building under the circumstances is a "nuisance in fact." It would be an idle act and the law does not require it. Civil Code, § 2431.

It was the opinion of the assembly that one hundred feet was close enough to have any of these buildings to each other upon or near to the right of way, and they so determined. Town of Colton v. Land Co. et al., 25 S. D. 313.

The presumption is that the Legislature had the necessary evidence before it; that it would not do a vain thing, and that it intends its acts and every part of them to be valid and capable of being carried into effect. (§ 497 Sutherland on Stat. Const.) If the nuisance is public then these appellants are entitled to maintain this action under section 2402 of the Civil Code. If it is a private nuisance they are within section 2405 of the Civil Code. It is immaterial whether the nuisance is private or public. To violate the statute, if it be a real thing, is to commit a wrong and "for every wrong there is a remedy." Sec. 2422 Civil Code.

We maintain that the complaint is sufficient, and that equity should and will restrain the violation of the statute under consideration. First Natl. Bk. v. Sarlls, 129 Ind. 201, 28 Am. St. Rep. 185; Kaufman v. Stein, 139 id. 49, 46 Am. St. Rep. 368; Griswold v. Brega, 160 Ill. 490, 52 Am. St. Rep. 350; King v. Davenport, 98 id.. 305, 38 Am. Rep. 89.

*Charles P. Bates,* and *E. H. Wilson,* for Respondent.

The entire act (Chap. 125, Laws of 1899). including section 533, was designed as a railroad regulation relative to the furnishing of side track facilities to the owners and operators of any elevator, warehouse, or flouring mill, or a manufactory, upon or immediately contiguous to the right of way of any railway company, and was not intended as a fire or police regulation as between the owners of such structures.

The only reasonable construction to be placed upon section 533 is that a railroad company shall not be obliged to furnish side track facilities for any elevator, warehouse, flouring mill, or manufactory, upon or contiguous to its right of way, which is located within one hundred feet of any existing structure upon or contiguous to such right of way for which such company is furnish-

ing side track facilities, and that all such buildings shall be placed at a safe fire distance from the railroad station buildings and so as not to conflict with the safe and convenient operation of such railroad.

If appellants' counsels' contention is correct, then section 2 of the act would be unconstitutional and void for the reason that the subject of fire and police regulation, as between the owners of elevators, warehouses, etc., is not embraced within the title, nor is it germane to the subject therein expressed.

Section 21 of article 3, Constitution; Sutherland on Statutory Construction, Secs. 145, 340.

That the title is a part of and must be considered in construing a legislative act, also see: Church, etc. v. United States, 143 U. S. 457, 36 L. Ed. 226; Bekker v. Railway Company, 28 S. D. 84; Kennedy v. Railway Company, id. 94; Pierson et al. v. Minnehaha County, id. 534.

A fire or police regulation which required all such structures to be at least one hundred feet apart, would be unnecessary, unjust and unreasonable.

A court of equity will not interfere by injunction to restrain the erection of a building simply because it is prohibited by statute, in the absence of any showing of injury to the complainant. High on Injunctions, Sec. 748; 13 Am. & Eng. Ency. of Law, (2d Ed.) 401, and cases cited.

The law makes no distinction in this respect as between municipal ordinances and state statutes. Jenks v. Williams, 115 Mass. 217; Hagerty v. McGovern, 187 Mass. 479; Village of St. John v. McFarlan, 33 Mich. 72, 20 Am. Rep. 671.

GATES, J. [1] The complaint in this case, after setting forth the corporate capacity of the parties, alleges "that each of said plaintiffs is the owner of an elevator upon the right of way of the Chicago & Northwestern Railway Company at Canistota, in the county of McCook, state of South Dakota, that the above named defendant has a lease to certain of the said right of way of the said Chicago & Northwestern Railway Company lying between the elevators hereinbefore referred to as belonging to each of plaintiffs. and that said defendant threatens to, and unless restrained by the judgment of this court will, erect upon its leased portion of said right of way an elevator which will be within 100 feet of

each of the elevators belonging to plaintiffs, and in violation of section 533 of the Civil Code of the state of South Dakota for 1903." To this was added a prayer for injunctive relief. The defendant interposed a general demurrer to the complaint, and also demurred on other grounds not necessary for consideration. The trial court sustained the demurrer upon the sole ground "that said complaint does not state facts sufficient to constitute a cause of action." From the order sustaining the demurrer, plaintiffs appeal.

Section 533 of the Civil Code is as follows:  "No elevator, warehouse, flouring mill or manufactory shall be constructed within 100 feet of any existing structure, and shall be at a safe fire distance from all station buildings, and so as not to conflict with the safe and convenient operation of such railroad."

It is contended by appellants that upon the bare allegations of the complaint set forth they are entitled to an injunction restrain-ing the building of defendant's proposed elevator, upon the theory that its construction would, by reason of the statute, amount to a nuisance.

It is the contention of respondent:  (1) That said statute is unconstitutional in that it is an invasion of respondent's private rights; (2) that notwithstanding the statute the complaint must clearly show that the act threatened would, if carried out, amount in fact to a nuisance; and (3) that the complaint must also show special injury to the plaintiffs.

[2, 3] It is not necessary in determining this case to pass upon the first or second grounds of respondent's contention. They are closely interwoven. We do not think that we ought to now pass upon the constitutionality of the act upon the meager showing of facts set forth in the complaint. While this statute is presumptively a valid act, it is possible that as to fireproof structures it might not be. It is at least presumptively so as to frame structures. This question was not argued by appellant. Because of the meager recital of facts, and because of the absence of a full argument, we must decline to pass upon this question at this time. Jewett v. Smail, 20 S. D. 232, 236, 105 N. W. 738.

We are of the opinion that respondent is right in its third contention. If the statute is within the regulations authorized under the police power of the state, and if facts are alleged bringing the case under section 2393, Civ. Code (assuming, without de-

ciding, that such allegations are necessary), an injunction action will lie.   20 Ann. Cas. 933; First National Bank v. Sarlls, 129 Ind. 201, 28 N. E. 434, 13 L. R. A. 481, 28 Am. St. Rep. 185; Kaufman v. Stein, 138 Ind. 49, 37 N. E. 333, 46 Am. St. Rep. 368; Griswold v. Brega, 160 Ill. 490, 43 N. E. 864, 52 Am. St. Rep. 350; Spelling on Extr, Relief, § 383; Joyce on Injunction, §§ 352, 353.   But to bring this relief within the reach of appellants, they must allege additional facts which show a special injury to them.   Civ. Code, § 2402; State v. Thorson, 9 S. D. 149, 152, 68 N. W. 202, 33 L. R. A. 582, and authorities last above cited.

In Aultman v. Siglinger, 2 S. D. 442, 50 N. W. 911, it was said: "A court cannot be called upon to supply facts by inference or conjecture. The facts themselves must be stated * * * by direct allegations of the ultimate facts." In McCormick H. M. Co. v. Rae, 9 N. D. 482, 84 N. W. 346, Mr. Justice Young lucidly stated: "It is clear that no rule of construction, however liberal, can supply and arbitrarily inject into a pleading an averment of a material fact which has been wholly omitted." The complaint in this case wholly fails to allege any facts showing that appellants would be specially injured. Nor does it follow that the construction of an elevator within 100 feet of appellants' elevators, even if unlawful, would *necessarily* cause special injury to plaintiffs. 31 Cyc. 48. Appellants rely upon the Indiana and Illinois cases herein cited, but in each of said cases the complaint set forth matters showing special injury to the plaintiff. We are clearly of the opinion that the order sustaining the demurrer to the complaint must be affirmed upon the grounds of respondent's third contention.

[4, 5] Respondent also contends that the statute in question is void under the provisions of section 21, art. 3, of the Constitution, because, being a part of chapter 125 of the Laws of 1899, the title of that act was not sufficiently broad to include the section now appearing as section 533, Civ. Code. It may be doubted whether the contents of the section in question are expressed in the title to that act, but we may not now look to the title of that act to determine the question of its validity. Upon the revision of the Codes in 1903, that section was adopted as a part of division 2 of the Civil Code. The title to the act adopting the Revised

Civil Code is as follows: "An act to provide a Civil Code for the State of South Dakota, embracing four divisions: The first relating to persons. The second to property, including shipping and incorporations," etc.. The title to the second division is amply broad to cover the provisions of section 533. Wilson v. Western Surety Company, 140 N. W. 263.

The order sustaining the demurrer to the complaint is affirmed.